Martin. J.
The plaintiff states, that he and the defendant gave their note to Davis for fifty bales, of cotton, as sureties of J. M. Martin; that the plaintiff paid $3000 thereon, and Davis afterwards obtained judgment against him, and present defendant, for $2950 ; a great part whereof the plaintiff has paid. So that the defendant is liable to refund whatever has been so paid, above one-half of the sum due to Davis, which is averred to he $ 1500.
The defendant pleaded the general issue; and averred, that John M. Martin, now dead, owed to Davis $2950, and the plaintiff to Towles, $3000. The plaintiff applied to J. M. Martin to procure him the loan of that sum; that J. M. Martin applied to Davis, who *420 consented, on condition that Martin should deliver him fifty bales of cotton, to be applied for the payment of what Martin owed him, and to the sum wanted by the plaintiff, which was supplied him, and applied to the plaintiff's use; and the defendant avers he has paid, as surety of J. M. Martin, his full proportion of the sum of $2950, due by the latter.
West'n District.
Sept. 1821.
The plaintiff had judgment for $ 1500, with interest, from November 14, 1820, till paid, and costs. The defendant appealed.
The statement of facts shews the plaintiff gave in evidence the record of the suit. Davis vs. Turnbull— and that
Davis deposed, that the $3000 credited on the obligation, were paid by the present plaintiff, and the balance was paid by both the parties equally. A short time before this obligation was given, J. M. Martin came to borrow $3000 from the witness, who consented, on condition that Martin would give him fifty bales of cotton, on the terms mentioned in the obligation; Martin consented, and the witness gave a draft on Baltimore, which came into the hands of Towles. The money was lent to Martin, at the solicitation of the present plaintiff Martin having gone to New- *421 Orleans, without delivering the cotton, about two months after, the witness called on the present plaintiff, who had pledged himself for the delivery of the cotton, and who now said it would be sent by the next boat. Frequent and unsuccessful applications having afterwards been made by the witness to the plaintiff and an obligation being mentioned, he said, that the defendant, who was as much interested in giving the obligation, was absent; and the witness believes something was said, about the crop. The draft was given in favour of Towles, to pay a debt of plaintiff to Towles, as the witness understood. He also understood, that Martin owed the plaintiff. He confided principally in the plaintiff’s promise, that the cotton would be delivered. On suit being brought, the plaintiff paid $3000, on condition that the judgment and execution should be staid against him. He said, he thought himself bound for that sum, and would pay it. It was credited to him.
Bynum deposed, that he heard that Martin got $3000 from Davis for the plaintiff on account of a debt due by Martin to the plaintiff. When the suit was brought and put off the latter expressed his uneasiness at it, as he had pledged himself to Davis for the payment *422 of the $3000, as the money was had for his use.
Scott deposed, that he brought suit for the present plaintiff, against Martin, for a large amount; he sent the account to be demanded by the deputy sheriff Martin kept the account, and refused to return it. When suit was brought by Davis against Turnbull and Martin, he was spoken by J. M. Martin to defend it.
The note on which Davis sued, is in the following words : “We, or either of us, promise to deliver A. J. Davis, or his agent in New-Orleans, fifty bales of cotton, to average 350 lb. each; to be good cotton of last year’s crop, as soon as practicable; or to be accounted for at the highest market price, at the time of delivery, agreeable to J. M. Martin’s contract with said Davis. Alexandria, Jan. 20, 1818. Walter Turnbull, Robert Martin.”
The plaintiff it seems to me, has proven his allegation, that he and the defendant gave their note to Davis, as sureties of J. M. Martin. This instrument shews, that they considered each other as co-debtors of Davis; principal debtors of a quantity of cotton, *423 which J. M. Martin had agreed to sell to him.
Bullard for the plaintiff, Thomas for the defendant.
The defendant alleges, that this cotton was promised to be paid to Davis, by J. M. Martin, partly on his own account, and partly on that of the present plaintiff.
Davis’s testimony shews, that Martin was considered by all as the principal debtor of the whole sum. Bynum’s testimony places this beyond the possibility of a doubt; but he speaks of what he has heard.
The liability of the plaintiff, otherwise than as a co-debtor of the defendant, according to the note, is pleaded by the defendant; the onus probandi of it, therefore, lies on the latter. He ought to establish it fully, and it does not appear to me that the evidence renders it even probable.
I think the judgment ought to be affirmed with costs in both courts.