Porter, J.
delivered the opinion of the court. This appeal has been brought up by L. Millaudon, who complains that he was not placed on the tableau of distribution of the Orleans water-work company, as a privi-tegeti ClGultOI*.
He asserts, that he sold to that corporation a steam-engine, and that there is yet due him $2812 26 cents, the balance of the purchase money. The testimony taken, does no establish the sale so clearly as could be wished; we draw that conclusion from it however, because it is the most favourable to the appellees. If we adopted that for which they contend, we should be obliged to hold, that the engine itself was yet the property of the appellant.
This preference is claimed on two grounds.
That the engine having been incorporated with the buildings, has become immoveable property. Civil Code, 98, art. 20,21. Ib. 470, art. 75, and that, as vendor, he has a right to be paid before other creditors.
That the object sold was moveable, and *279 that he has a privilege for the price so long as it remains in the debtor’s possession.
The opinion formed by the court on the last point, renders- an examination of the first unnecessary.
The law gives the vendor the right to be paid in preference, out of the proceeds of the moveable effects sold by him, while they remain in the debtor’s possession. Civil Code, 470, art. 74, n. 5. This principle was recognized and enforced in the case of Hobson & al. vs. Davidson syndics. 8 Martin, 422.
Some difficulty was presented to our minds in examining this case, by the clause in our Code immediately following that which has been just quoted, as conferring this privilege. It would seem on a cursory examination, to have limited the creditor’s right to a certain time, and on the condition, that the effects were found in the same state as when sold. A collation, however, of the French and English texts of the law, has satisfied us that this provision apply only in case suit is brought to get back the thing sold.
We are therefore of opinion, that the appellant has a privilege on the proceeds of the engine.
*280 The appellees, however, say this privilege , , _ tit i i i • should have been recorded. It was held in case of Lafin vs. Sadler, 4 Martin, 470, that the statute of 1813, 1 Martin’s Dig. 700, did not extend to the tacit lien possessed by workmen and others, who furnished materials for a building. This case does not appear to differ from that in principle, and as we are satisfied with the correctness of the opinion there pronounced, we must hold here, that it was not necessary for the vendor to record the sale of the moveables on which he claims a privilege.
We have been asked to receive the plea of prescription in this court. It is unnecessary to give an opinion, whether it is not too late to offer this exception, for as the cause must be remanded for further proof in certain points, the parties can have the benefit of this exception in the inferior court.
The appellant has not proved the amount due, nor the price for which the engine was sold. He made an attempt to establish the latter fact, by applying for experts, which the court refused him, and in our opinion correctly. He should have brought witnesses in the ordinary way to prove his case. Our law' *281 has not made any provision for selecting per- . ⅜ . sons to examine property situated as this was, nor for receiving their report as evidence.
S eg hers for the plaintiff! Hennenr Livingston, and Morse for the defendants.
It is ordered, adjudged and decreed, that the judgment of the district court be annut-ed, avoided and reversed; that this cause be remanded for a new trial, and that the appellant.pay the costs of this appeal.