The action was continued to this term for advisement; and now the opinion of the Court was delivered as follows, by
* Sedgwick, J.
In the year 1800, the defendants insured, at the office of the plaintiffs, 5000 dollars on the freight of their ship Columbia, in her voyage from Teneriffe to Jamaica. The ship was laden with wine, the property of Mess. Pollard & Co., a commercial house in London. On her voyage she was captured by a French privateer, and kept in possession more than ninety-six hours; after which she was recaptured by a British cruiser, carried into Antigua, where she was libelled, and ordered to be sold ; one half of the gross proceeds to be paid to the recap-tors for salvage; and the other half, after deducting all expenses, to be paid to the master, for the use of all concerned.
The defendants claimed against the plaintiffs, a total loss. This claim was resisted by the plaintiffs, who contended that inasmuch as the goods were transported part of the way towards Jamaica, and were disposed of at Antigua, for the benefit of the shippers, freight was earned for so much,p?-o rata itineris; and that, for that portion of the freight, the defendants ought to look to the shippers, and not to the plaintiffs, the underwriters.
The question of difference between the parties, that is, “ whether all or what proportion of the freight was due from the company, the plaintiffs, or from Mess. Pollard Co., the freighters in London,” was by mutual agreement submitted to two respectable merchants, as arbitrators, who determined that the plaintiffs were “ answerable for a total loss.” To this award the plaintiffs submitted, and paid the defendants accordingly.
Now, it is most manifest, were there nothing more in the case, that this transaction would be conclusive between the parties, equally whether the award was or was not founded on just and correct principles; provided there was not (and in this case it is not pretended that there was) any fraud. It would indeed be a monstrous solecism, that a payment made in pursuance of a fair award should be set aside, and the transactions on which it was founded overhauled in a court of justice.
* It only then remains to be determined, whether there be any facts, in this case, which will make it an exception ; and will authorize the plaintiffs to recover back part of the money paid, although it was paid in pursuance of an award
*341 The master paid to Mr. Colquhan, the friend and correspondent of Mess. Pollard &f Co., that part of the proceeds of the sale which he received, except the sum of 52 lZ. 19s. 5d. sterling, which he retained, and paid over in a bill of exchange to the defendants, as the freight pro ratá itineris, in case they should be entitled to such ; but otherwise to be remitted to Mess. Pollard Of Co. ; the master being ignorant, as he stated, whether freight was due or not, or whether that sum was due, if any.
From the report of the judge it appears that, although the above-mentioned sum of money was in the hands of the defendants at the time of the hearing before the arbitrators, yet no information was given to them of that fact; and the plaintiffs say that this was such a concealment as renders the defendants liable in this action.
It is in general true, that whenever, in an intercourse between two relative to property, one conceals a material fact, which he alone has had the means of knowing, and which he is bound in conscience to disclose, and such concealment occasions a loss or injury to the other party, he is entitled to recover an indemnity.—Was then the fact, that the defendants had in their hands a sum of money, under the circumstances which have been stated, a fact material to be disclosed to the arbitrators ?—If it was, I am ready to admit that the defendants ought in conscience to have disclosed it.
The subject submitted to the arbitrators was the abstract question, “ whether all, or what proportion of freight was due from the company, or from the freighters.” The arbitrators determined that the whole was due from the company. Now, that determination was equally true and * just, whether money was or was not in the hands of the defendants, which, in case of another determination of the arbitrators, might have been retained in part payment of the freight. And it is inconceivable that a knowledge, by the arbitrators, of the fact not disclosed, should have made a difference in the award. It is put to the arbitrators solemnly to determine a question in controversy between the parties, and they, as honorable, honest, and intelligent men, say the whole freight is due from the plaintiffs; and that declaration is equally true, whether the defendants had or had not any money of Pollard Co. in their hands ; or whether they had or had not any means of obtaining satisfaction from them. The disclosure, then, of the fact said to have been concealed, ought not to have had, nor could it have had, any effect in producing a different result from the arbitrators ; and it is not pretended that there was any other important or useful purpose, for which it ought to have been revealed. It may be added, that there is no motive suggested, that could have ' *342 induced the defendants to a fraudulent or improper concealment; and they, as soon as it was determined that the whole loss fell on the plaintiffs, remitted the money in their hands to Mess. Pollard fy Co., to whom it of course belonged.
On the whole, we are satisfied, that the fact not disclosed was not a material fact to be known to the arbitrators; and as the verdict was found upon the belief that it was so, we think it ought to be set aside, and a new trial granted.
We do not mean to suggest an opinion, that the award of the arbitrators was founded on legal principles, nor of course that the plaintiffs have not a legal claim against the freighters, for the money they have received ; — but only that the defendants were justified in remitting it after the award was made.

New trial ordered.