# SUPREME JUDICIAL COURT.

FOR THE COUNTY OF

# LINCOLN.

## *MAY TERM,*

### 1824.

## PARSONS *vs.* HALL, EX'R.

Where a demand against the estate of a deceased testator was submitted to referees, who made an award in favor of the creditor; after which the executor found among the testator's papers a receipt from the creditor to him, dated a short time previous to his decease, but subsequent to the origin of the debt, and being in full of all demands;—in *assumpsit* on the award it was holden that the executor might shew this receipt in bar of the action.

THE plaintiff in this action, which was *assumpsit*, having a demand against the defendant's testator, they mutually agreed, by a memorandum in writing, without seal, to submit it to the determination of three referees, and to abide by their award. The defendant appeared at the hearing before the referees, and after remaining a short time, went away, observing that he had no doubt but they would do right. The award was in favor of the plaintiff for the amount of his demand, and the defendant refusing to perform it, this action was brought upon the agreement.

At the trial of this cause, which was before the Chief Justice at *May term* 1823, the defendant produced a paper purporting to be a receipt signed by the plaintiff, in full of all demands against the testator, and bearing date a short time before his decease; which the defendant offered to prove to be a genuine receipt, that he had found it among the testator's papers since the making of the award, and that he had no previous knowledge of its existence. It was admitted at the same time, that the referees were not

Parsons *v.* Hall, ex'r.

guilty of any fraud, corruption, or partiality in making their award.

The Chief Justice refused to admit the evidence thus offered, but saved the point for the consideration of the whole Court, and directed a verdict for the plaintiff accordingly.

*Orr* and *E. Smith* for the defendant, argued from the nature of the action, it being *assumpsit*, and not *debt*, that the defendant was entitled to set up any equitable defence he might have; and that therefore the receipt should have been admitted. They insisted, moreover, that the party who has not exhibited any particular demand to referees, may always have an action on it afterwards, notwithstanding the award;—and *a fortiori* may shew it in answer to a suit on the award, because this avoids circuity of action. So if the award is founded in mistake, or manifest injustice, it may be corrected. *Ravee v. Farmer* 4 *D. & E.* 146. *Seddon v. Tutop* 6 *D. & E.* 607. *Webster v. Lee* 5 *Mass.* 334. *Hodges v. Hodges* 9 *Mass.* 320.

*Greenleaf* and *Ruggles,* on the other side, cited the following authorities to shew that the defendant was not entitled to go behind the award for any matter of defence which could have been shewn to the referees. *Sheppard v. Watrous* 3 *Caines* 166. *Kyd on Awards* 242. 1 *Esp.* 378. *Phil. Evid.* 305. *Newland v. Douglas* 2 *Johns.* 62. *Barlow v. Todd* 3 *Johns.* 367. *Cranston v. Kenney* 9 *Johns.* 212. 14 *Johns.* 96. 8 *East.* 344. *Perkins v. Wing* 10 *Johns.* 143. *Wheeler v. Van Houten* 12 *Johns.* 311. And they contended that for aught appearing in the case, the existence and loss of the receipt may have been proved before the referees, and the whole matter adjudicated upon by them;—but if not, it was the laches of the defendant.

Mellen, C. J. delivered the opinion of the Court as follows.

In an action upon an award, or on the bond given for the performance of it, the general principle of law is that the *merits* of the award cannot be examined, nor can it be *impeached*, except for the corruption, partiality or misconduct of one or more of the arbitrators, or on account of some fraudulent concealment of facts

by one of the parties.    These positions are supported by the following cases.    1 *Saund.* 327. *note* d. 2 *Burr.* 701.    *Kleine v. Catara* 2 *Gall.* 61.    2 *Vesey Jr.* 15.    *Newbury Port Mar. Ins. C. v. Oliver & al.* 8 *Mass.* 402.    *Homes v. Aery* 12 *Mass.* 134. The receipt which was offered in evidence and rejected, if genuine and actually given at the time it bears date, viz—a short time before the decease of the testator, must in all human probability have been in the recollection of the plaintiff, at the time of the hearing before the arbitrators, and yet might have been wholly unknown to the defendant, as was alleged to be the fact. —The defendant, being an executor, and no party to the receipt, cannot be presumed to have known of its existence, till he found it among the papers of the deceased; and might have had no just ground to believe that the claim, which the plaintiff exhibited, had been paid and satisfied, until he examined the terms of the receipt. —The plaintiff and defendant stood on very different grounds before the arbitrators;—the one in his *own right*;—the other in his *representative capacity*; the *defendant* a stranger to the concerns of the estate, except so far as he was informed by *others*, on examination of books and papers;—the *plaintiff*, perfectly unacquainted with all the facts relating to his own claim against the estate, and the claim made against him.——Now, under these circumstances, if the receipt was really given by the plaintiff to the deceased at the time mentioned, in consequence of the payment of the claim which he presented to the arbitrators, and which was allowed by them, there is very strong ground to believe that he *fraudulently concealed* this fact from the arbitrators, for purposes wholly unjustifiable.    If such was *the fact*, the award ought not to be sanctioned.——Upon consideration of the peculiar circumstances of this case, we are of opinion that the verdict ought to be set aside and a new trial granted, that the facts in relation to the receipt,—its genuineness, and the alleged payment, upon which it purports to have been given; and also the question of concealment, may all be investigated by the Jury.

*Verdict set aside and new trial ar ted.*