BARGER, *et ux.* Ex'x. of ATHEY, *vs.* COLLINS.—June, 1826.

In an action of *assumpsit* for work and labour done, and materials found, where the plaintiff gave in evidence a written settlement between plaintiff and defendant, acknowledging a balance due by defendant, it is competent for the defendant to show that the items in the settlement are partnership claims due plaintiff and another.

An account stated is not conclusive on the parties to it, but may by either party be modified by other evidence.

Where a debt is due a partnership which is afterwards dissolved, and the debt is assigned to one of the partners, it is competent for such partner to sustain an action for it in his own name, by proving that the debtor, with a knowledge of such assignment, promised to pay it to him; and such a promise may be implied from the acts of the debtor, as well as expressly proved.

The mere filing an account in bar is no evidence of the truth of the account.

If the plaintiff shows himself entitled to recover any sum, which with interest amounts to a sum within the jurisdiction of the court, it is error for the inferior court to direct the jury generally that he is not entitled to recover.

APPEAL from *Baltimore* County Court. *Assumpsit.* 1. For work and labour, and materials found. 2. *Quantum meruit* for work and labour, and for materials found, &c. 3. For money laid out and expended, lent and advanced. And 4. An *insimul computassent,* &c. The defendant, (now appellee,) pleaded *non assumpsit,* and issue was joined. The defendant also gave notice of a *set off* for money lent and advanced to, and paid, laid out and expended for, the plaintiffs' testator in his lifetime, &c. At the trial the plaintiffs, (the appellants,) offered in evidence the following paper, to show that the defendant was in-

debted in the amount therein mentioned: "Settlement of accounts this 1st day of March 1820, with *Walter F. Athey*, for bricks and brick work, and I do hereby acknowledge the following balance to be correct.

| | | |
|---|---:|---:|
| Balance on Mr. *Higginbothom's* house, *Franklin-street*, | $10 | 00 |
| Balance on six buildings, *North Charles-street*, | 964 | 01 |
| On my account, | 39 | 61 |
| | $1013 | 62 |

Balance of one thousand thirteen dollars and sixty-two cents.                                                        *Jas. W. Collins.*"

The defendant then offered evidence of his having paid for the use of *Walter F. Athey* the following sums, viz. $20, $30 and $145, by filing his account in bar.    And further offered evidence to show, that *Deter Barger* and the said *Walter F. Athey*, were copartners in the bricklaying business, and did the work as bricklayers on the six buildings in *Charles-street*; and that *Athey*, and a certain *George Shoemaker*, were copartners as brick makers, and furnished the bricks to the defendant for the said six buildings mentioned in the memorandum offered in evidence by the plaintiffs, and that the work was done by *Athey* and *Barger*, and the bricks furnished by the said *Athey* and *Shoemaker*, in the year 1818, or 1819; and produced the following accounts, which were in the possession of the defendant, and are in the handwriting of *Athey*, viz.

"Mr. *James W. Collins*, and others, for six houses in *North Charles-street* to *Geo. Shoemaker & Co.*

| | | |
|---|---:|---:|
| 1819, April 21. To 1500 paving brick at $11 per th. | $16 | 50 |
| To 6500 front brick at $15 per th. | 97 | 50 |
| August 16. To 59,000 common brick at $8 per th. | 472 | 00 |
| To 17,935 paving brick at $9 50 per th. | 170 | 38 |
| | $756 | 38 |

To *W. F. Athey & D. Barger.*

| | | |
|---|---:|---:|
| To laying 6400 bricks at $3 50 per m. | $224 | 00 |
| Aug. 16. To paving 505 yards back and front at 50 cents per yd. | 75 | 75 |
| To" &c. &c. | 13 | 00 |
| | $312 | 75 |

BARGER *v.* COLLINS.—1826.

"Cr. By cash 128 50
　　By," &c. &c. 14 33½ 142 83½
　　　　　　　　　　　　　$169 92½
"To 4 bushels lime, &c. 1 60
　　　　　　　　　　　　　$171 52½

Mr. *James W. Collins*, and others, for six houses in *North Charles-st.* to *Geo. Shoemaker, & Co.*

1818, Sept. 　To 348,500 bricks at $8 per th. $2788 00
　　　　　　　To" &c. &c. 513 20
　　　　　　　　　　　　　　　　　3301 20
　　　　"Cr. By" &c. &c. 2535 20
　　　　　　　　　　　　　　　　　$766 00

　　　　"To *W. F. Athey & D. Barger*.
To laying 379,000 bricks at $3 50 per th. 1326 50
To "&c. &c. 108 75
　　　　　　　　　　　　　　　　　1435 25
"Cr. 　By" &c. 3 00
　　　　　　　　　　　　　　　　　1432 25
　　　　　　　　　　　　　　　　　766 00
　　　　　　　"Balance $2198 25
*Turner Morehead's* bill, &c. 275 75
　　　　　　　　　　　　　　　　　$1922 50"

To the production of this evidence, so offered by the defendant, the plaintiffs objected; but the court overruled the objection, and permitted the evidence to go to the jury. The plaintiffs then offered to prove, that the partnership which had existed between *Athey* and *Shoemaker* was dissolved in November or December 1819, and that *Shoemaker* then assigned, for a valuable consideration, all his interest in said concern, and all debts due said copartnership, to *Athey*. And also offered to prove, by the production of the memorandum first above written, that at the time the defendant signed the said paper, he had notice of such dissolution and assignment. Which evidence the court, on motion of the defendant, refused to permit the

plaintiff to offer to the jury. The defendant then moved the court to direct the jury, that the plaintiffs were not entitled to recover. Which direction the Court, [*Hanson*, A. J.] accordingly gave. To these opinions and directions the plaintiffs excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*S. J. Donaldson*, for the Appellants, contended, 1. The appellee is liable in this action to the appellants, although at the time of contracting the debt he was acting as agent for others.

2. The appellants are entitled to recover, although the debt was originally due to the appellants' testator, and his copartners.

3. The written acknowledgment of the appellee, offered in evidence, is sufficient proof of his having notice of the dissolution of the copartnerships, and of the appellants' testator having the entire interest in the debt claimed in this action, vested in him.

4. The evidence of the defendant in the court below, which was objected to by the plaintiffs, was not proper and legal evidence; and that of the plaintiffs, which the court refused to permit to go to the jury, was legal and proper.

On the *first point*, he cited *Owen vs. Gooch*, 2 *Esp. Rep.* 567. *Hanson vs. Roberdeau*, *Peake's N. P. Cases*, 120. *Hardacre vs. Stewart*, 5 *Esp. Rep.* 103; and *Thomas vs. Bishop*, 2 *Stra.* 955.

On the *second* and *third points—Welch vs. Mandeville*, 1 *Wheat.* 235. *Andrew vs. Bleeker*, 1 *Johns. Cas.* 411. *Warden vs. Eden*, 2 *Johns. Cas.* 121, 258. *Littlefield vs. Story*, 3 *Johns. Rep.* 425. *Master vs. Miller*, 4 *T. R.* 340, per *Buller*, J. *Morrough vs. Comyns*, 1 *Wils.* 211. *Fenner vs. Meares*, 2 *W. Blk. Rep.* 1269. *Innes vs. Dunlop*, 8 *T. R.* 595. *Banfill vs. Leigh & Jeffray*, *Ib.* 571. *Scott vs. Lancaster*, 3 *Harr. & Johns.* 441. *Allstan's Adm'r. vs. Contee's Ex'r.* 4 *Harr. & Johns.* 351. *Oble vs. Dittlesfield*, 1 *Vent.* 153. *Suretees vs. Hubbard* 4 *Esp. Rep.* 203. *Howell vs. Mac Ivers*, 4 *T. R.* 690. *Onion vs. Paul*, 1 *Harr. &*

*Johns.* 114.   *Peake's Evid.* (*Norris's Ed.*) 394, cites *Moore et al. vs. Hillin* (*MS.*) 1 *Com. on Cont.* 327.   *Holmes vs. D'Camp*, 1 *Johns. Rep.* 34.   *Israel vs. Douglas*, 1 *H. Blk. Rep.* 239.

On the *fourth point*, he cited *Peacock vs. Harris*, 10 *East*, 104.

*Williams*, (District Attorney of *U. S.*) for the Appellee. Can one partner bring an action in his own name where there is another partner alive? There was no evidence offered of a dissolution of the partnership between *Athey* and *Barger*, nor was any assignment by the latter to the former proved, or offered to be proved. The evidence then was properly rejected by the court. The two points as to the admissibility of evidence, are involved in the other two questions in the case, for it is with reference to the object for which the evidence was offered that its admissibility comes in question. Even if the judge below did err in the generality of his expressions, yet it is no cause for *reversal*, when the final results must be the same. *Brazier vs. Clap*, 5 *Mass. Rep.* 10. 1 *Starkie's Evid.* 438.   *Law vs. King*, 1 *Saund.* 80, (*note* 1.) and *Cooke vs. Sayer*, 2 *Burr.* 749.

1. The appellants were not entitled to recover, because the appellee was only an *agent* for six buildings on *Charles-street*, and was known by the other parties to be such. 2 *Livermore*, 245.   *Owen vs. Gooch*, 2 *Esp. Rep.* 567.   *M'Donough vs. Templeman*, 1 *Harr. & Johns.* 156.   *Mauri vs. Heffernan*, 13 *Johns. Rep.* 56.   *Pothier on Oblig.* No. 448, 449. Even if the vendor does not at the time know who the purchaser is, if he afterwards knows it, he may then *elect* to charge the principal, which lets off the agent. *Arch. Dig.* 67. 3 *Starkie's Evid.* 1620.

2. All *joint* contractors must be united.   Here *Athey* had a partner in furnishing the bricks, who was *Shoemaker;* and a partner in laying the bricks, who was *Barger;* of course he cannot bring suit in his name alone—all must join. 1 *Chitty's Plead.* 6, 7.   1 *Saund.* 153, 291.   2 *Wheaton's Selw.* 186. *Arch. Dig.* 55, 58.   *Lloyd vs. Archbowle*, 2 *Taunt.* 324. *Teed vs. Elworthy*, 14 *East*, 210. *Guidon vs. Robson*, 2 *Campb.*

302.    *Scott vs. Godwin,* 1 *Bos. & Pull.* 67.    *Dob vs. Halsey,*
16 *Johns. Rep.* 34. *Leveck vs. Shaftoe,* 2 *Esp. Rep.* 468.    But
if one of the partners is dead, then the survivor may bring the
suit in his name, without naming his partner.    *Ditchburn vs.*
*Spracklin,* 5 *Esp. Rep* 31.    *Holmes vs. D'Camp,* 1 *Johns.*
*Rep.* 34.    3 *Starkie's Evid.* 1069.    A promise to one part-
ner to pay a partnership debt, must be understood to be a pro-
mise to him *as partner, and for the partnership;* otherwise
it would be a *nudum pactum,* no consideration having passed
from the promissee in his individual character.    With respect
to a surviving partner, it is different.    But the statement of the
account does not purport any thing like what is pretended,
either as to the appellee's promise to pay as *principal,* or to
his knowledge of the dissolution of the partnerships and as-
signments, &c.    1. There is no evidence of the assignments, es-
pecially of *Barger's* account.    2. There cannot be a legal as-
signment of *choses in action.*    3. And most conclusively so
as to joint partners.

   *Moale,* in reply, insisted that making the promise to *Athey*
was presumptive evidence that the other persons, *Barger* and
*Shoemaker,* were paid their proportions.    *Bunn vs. Morris,*
3 *Caine's Rep.* 54.    Here the defendant, with the consent of
the other persons, has consented to make himself a debtor to
*Athey.*

   DORSEY, J. delivered the opinion of the Court.    The plain-
tiffs having produced in evidence the written settlement,
made between *Walter F. Athey* and *James W. Collins,* this
court think it was competent for the defendant to show, that
the items in the settlement were partnership claims due by *Col-*
*lins* to *Athey* and *Barger,* and to *Shoemaker* and *Athey,* and
that the testimony offered by the defendant is admissible for
that purpose.    An account stated is not conclusive upon the
parties who made it, but may, by either of them, be contra-
dicted, modified or explained, by other testimony than is af-
forded by the settlement itself.    The defendant is at liberty to
prove, that although upon its face it purports to contain debts
due to *Athey* alone, yet that in truth and in fact, it was intend-
ed as a liquidation of the partnership claims of *Athey* and

*Barger,* and *Shoemaker* and *Athey,* made by one partner, as the agent and for the benefit of all; and in a suit, in the name of the firm, the settlement, with such explanatory proof, might be given in evidence, to support an *insimul computassent.* It hence follows, that the testimony offered by the defendant was competent, as showing that this action could not be supported for the want of proper parties plaintiffs. The court below were therefore right in overruling the plaintiffs' objection. But we think they erred in refusing to permit the plaintiffs' testimony to go to the jury for the purpose for which it was offered. There is some difficulty in conjecturing upon what ground their refusal was made. It cannot be denied that the facts offered in proof by the plaintiffs, raise some presumption of the existence of that which they wished the jury to find from them. If so, the jury, and not the court, are the judges of the weight and credit of the evidence offered, and the inferences of fact fairly deducible from it. The materiality of the testimony surely must be admitted, should the jury find from it that knowledge in the defendant, which it is offered to prove. A foundation would thereby have been laid by the plaintiffs, if they could have done so, to prove an express promise to pay by the defendant. If such proof were offered,—that the plaintiffs could recover in this action the amount of the debt due from the defendant to *Shoemaker* and *Athey,* it is unnecessary to show by reference to authorities. But we do not think that it would be incumbent on the plaintiffs to prove an express promise to pay. If the defendant, knowing of the dissolution of the partnership of *Shoemaker* and *Athey,* and the assignment of the partnership claims to *Athey,* accounted with him, as proved by the settlement exhibited on the trial, *Athey* might have sued in his own name, in the same manner, as if there had been an express promise to pay; and under the *insimul computassent* might have recovered whatever amount he could have shown was allowed him in the settlement, as a debt due to *Shoemaker* and *Athey.* That an express promise to pay is not absolutely necessary to entitle the assignee of a chose in action to a suit in his own name—Vide *Surtees vs. Hubbard,* 4 *Esp. Rep.* 203. *Moore & another vs. Hill, Norris's Peake,* 394; and *Peacock vs. Harris,* 10 *East,* 104.

We think the county court erred also in their opinion on the defendant's prayer that the plaintiffs were not entitled to reco‑ ver.    The only item in the settlement, the recovery of which the defendant attempted to resist on the ground of its being a partnership claim, was the "balance due on six buildings, *North Charles-street.*"    As a bar to the recovery of the other two items of $10, and $39 61, the defendant has offered no testi‑ mony.    These sums, with the interest thereon, which the ju‑ ry were authorised to allow, would have sustained the jurisdic‑ tion of the court, and might have been recovered in this action. It is true the bill of exceptions states that "the defendant offer‑ ed evidence of his having paid, for the use of *Walter F. Athey,* the following sums of money, viz. $20, $30, and $145, by filing his account in bar."    But surely the mere filing of an account in bar is not such proof of the charges it contains as would war‑ rant the court in withdrawing the finding of the facts from the jury, and recognizing the set-off as a bar to the plaintiffs' right to recover.    Nay, the mere circumstance of the court's sub‑ mitting it to the jury, to say whether the account in bar should be allowed as a set-off to the plaintiffs' claim, in the absence of all proof to support it, would be error, for which their judg‑ ment would be reversed.

We concur with the county court in their *first* opinion, and dissent from their *second* and *third* opinions, as stated in the bill of exceptions, and therefore reverse their judgment, and award a *procedendo.*

JUDGMENT REVERSED, &c.