DUBOIS vs. DOUBLEDAY.

*Assumpsit* will not lie by the *assignee of a bond*, to recover the amount due to him, except on an *express promise*, although his right to the money has been recognized, a partial payment made to him and a negotiation had for the payment of the balance.

THIS was an action of *assumpsit*, tried at the Tioga circuit in May, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The declaration contained the common money counts, including an *insimul computassent*. The plaintiff claimed to recover the balance of one half of the amount of a *bond* executed by the defendant to one Ezekiel Crocker, who assigned the same to Oliver Crocker, and Oliver Crocker assigned the half of the monies secured by the bond to the plaintiff. The bond bore date 12th January, 1822, and was conditioned for the payment of $1243. The assignment to the plaintiff was made in August, 1822. In June, 1823, the defendant paid the plaintiff $500, and took a receipt, the payment to be applied to the plain-

tiff's half of the instalments as they became due on the bond. A statement of the bond in question in the hand writing of the defendant was produced, in which the plaintiff was credited as the owner of one half of the monies mentioned in the condition of the bond, charged with the half of a payment of $97,91, made in January, 1823, and a balance stated as due on the moiety of the bond on 12th January, 1824. In 1827, the parties met, the $500 payment was spoken of, and the defendant offered the plaintiff cattle and some other property, on account of the balance due to him, as his share of the bond. The balance was shewn to be $198,02. All this evidence was objected to as inadmissible under the declaration, but the objection was overruled, and the jury, by the direction of the judge, found a verdict for the plaintiff for the balance claimed by him. The defendant moved for a new trial.

*J. A. Collier*, for defendant.

*J. A. Spencer*, for plaintiff.

*By the Court,* NELSON, J. The case of *Compton* v. *Jones,* 4 *Cowen,* 13, decides that the assignee of a chose in action may maintain *assumpsit* in his own name to recover the amount, upon a promise to pay him by the original debtor, and this, where the contract assigned is a *specialty*. It is at least questionable, if this action could be maintained in England, though the cases in this country which sustain the doctrine profess to be based upon the case of *Fenner* v. *Meares,* 2 *Black. R.* 1242. The difficulty in the case is the want of consideration to support the promise to the assignee, and without which no assumpsit can be sustained upon the principles of the common law. The elementary books are against the action. 1 *Chitty,* 10, 94, 5. In all the cases in which the assignee has been permitted to bring the action in his own name, there has been an express promise alleged and proved; and without which it is clear the suit cannot be maintained. In this case there is not sufficient evidence even to raise an implied promise, and there is no pretence for an express promise. The fact of the defendant's having paid part of the bond to the plaintiff, should

not have the effect to raise the implied promise, because after notice of the assignment, the law obliged him so to pay it. This would be a new invention to create a promise, with a view to sustain the action. The memorandum in the hand writing of the defendant, for aught that appears, may have been a private one, as it is in no way connected with the adjustment of the accounts of the parties.

New trial granted.