Per Curiam.
We know of no principle upon which the assignee of a policy of insurance can be allowed to sue upon it in his own name. The general rule applicable to personal contracts is, that, if assigned, the action for a breach must be brought in the name of the assignor, except where the defendant has expressly promised the assignee to respond to him. (Compton v. Jones, 4 Cowen 13 ; 1 Chitty's Plead. 9, 10 ; Innes v. Dunlop, 8 Term Rep. 595 ; Currier v. Hodgdon, 3 NewHamp. R. 82 ; Wiggin v. Damrell,lid. 69 ; Skinner v. Somes, 14 Mass. Rep. 107 ; Mowry v. Todd, 12 id. 281 ; Crocker v. Whitney, 10 id. 316 ; Dubois v. Doubleday, 9 Wend. 317 ; and see Chit, on Contr. 614,note 1,5th Am. ed. ;) In Granger v. The Howard Insurance Company, (5 Wend. 200, 202,) the point now raised was discussed, and, we think, decided against the present plaintiff. The argument that the policy in question originally contemplated an assignment, would be equally co *90 gent in all cases, for aught we see, of a promise in form to one and his assigns ; and yet it is settled that the latter words do not impart a negotiable quality to the promise so as to enable the assignee to sue upon it in his own name. (Skinner v. Somes, 14 Mass. R. 107, 8.) The judgment below is clearly .right and should not be disturbed:
Judgment affirmed.