## De Barry *versus* Withers & Peterson.

*Action by Accommodation Acceptor who pays without Funds provided by Drawer.—Parties to Suit where Claim has been assigned.—Evidence for Plaintiff, on narr. averring agreement by Drawer to pay.*

1. An accommodation acceptor who has paid a bill for which no funds were provided by the drawer, may recover from him the amount, on an implied contract of indemnity.

2. If the claim be assigned, and the debtor expressly promise to pay the debt to the assignee, he may sustain an action in his own name.

[De Barry v. Withers & Peterson.]

3. Where the declaration was on the draft, and for money had and received, an amended count, setting forth that it was drawn for the defendants' accommodation, who agreed to take it up on maturity—a breach of the agreement and payment by the acceptors—an assignment, for valuable consideration, of the draft, and the cause of action thereon, and an express promise of · the defendant to pay the assignees—is allowable, and discloses a sufficient cause of action on which to recover.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit*, brought November 19th 1859, by Withers & Peterson against John De Barry.

The plaintiffs' declaration averred that whereas, heretofore, to wit,. on the fifteenth day of August, A. D. one thousand eight hundred and fifty-six, at the county aforesaid, the defendant drew his certain bill of exchange of the date last aforesaid, directed to Messrs. William L. Manderson & Co., bankers, Third street, Philadelphia, of said county, and thereby requested the said William L. Manderson & Co., thirty days after the date thereof, to pay to the order of himself, the said defendant, the sum of $5000 for value received, and to charge the same to the account of Flour per Revere, and the said defendant thereafter, to wit, on the day and year last aforesaid, and at the county aforesaid, endorsed the said bill of exchange, and delivered the same, then and still unpaid, to the said plaintiffs.

That afterwards, to wit, on the seventeenth day of September, in the year last aforesaid, and at the county aforesaid, the said bill of exchange was presented to the said William L. Manderson & Co. for payment thereof, and the said William L. Manderson & Co. were then and there requested to pay the said sum of money specified therein, according to the tenor and effect of the said bill of exchange, and of the said endorsement thereon, but the said William L. Manderson & Co. did not then pay the said sum of money, or any part thereof, nor have they at any time since paid the same, or any part thereof, but wholly refused so to do, of all which said several premises the said defendants there afterwards, to wit, on the day and year last aforesaid, at the county aforesaid, had notice, by means whereof the said defendant became liable, and in consideration thereof, then and there promised the said plaintiff to pay him the said sum of money specified in the said bill of exchange, when thereunto afterwards requested, yet the said defendant, although often requested, &c., disregarding, &c., did not nor would pay to the said plaintiff the said sum of money specified in the said bill of exchange, or any part thereof, but to pay the same or any part thereof, hath hitherto wholly neglected and refused, &c.

This was followed by the common counts for goods sold and delivered, goods bargained and sold, work done, and materials furnished, money lent, paid, had and received, on an account stated, and for forbearance of plaintiffs.

[De Barry *v.* Withers & Peterson.]

With this *narr.* a copy of the instrument, viz., a bill drawn by De Barry, August 15th 1856, for $5000, on William L. Manderson & Co., bankers, Third street, Philadelphia, to his own order, at thirty days, to be charged to account of Flour per Revere, and endorsed by him, was filed by the plaintiff.

To this an affidavit of defence, as also a bill of discovery, was filed by the defendant.

The defendant also pleaded the general issue.

By leave of the court the plaintiffs filed an amended count, in which, after setting forth the drawing and endorsing of the bill above mentioned, they averred, that afterwards, to wit, on, &c., at the county, &c., the defendant took the said draft to the office of the said William L. Manderson & Co., who then and there had no funds or property of the said defendant, then and there promised and agreed to and with the said William L. Manderson & Co., that if they the said William L. Manderson & Co. would accept said draft for the accommodation of said defendant, he, the said defendant, in consideration thereof, would take up said draft at maturity, and the said William L. Manderson & Co. then and there, at the special instance and request of the said defendant, and without having any funds or property of said defendant in their hands, and solely for the accommodation of the said defendant, accepted the said draft and delivered the same so accepted to said defendant. That afterwards, on the maturity of said draft, to wit, on the 17th day of September, in the year last aforesaid, and at the county aforesaid, the said defendant made default in the payment of the said draft, and the said William L. Manderson & Co. then and there, to wit, on the day and year last aforesaid, paid the sum of $5000 in the said draft mentioned and took up the said draft, whereby a right of action accrued to the said William L. Manderson & Co., and against the said defendant, upon the said draft for the recovery of said sum of $5000, and by means whereof the said defendant then and there became liable to pay to the said William L. Manderson & Co. the said sum of $5000 in the said draft mentioned, whenever he should be thereunto afterwards requested. That afterwards, to wit, on the day and year last aforesaid, and at the county aforesaid, the said William L. Manderson & Co., for a valuable consideration theretofore had and received, transferred and delivered the said draft to the plaintiffs, and assigned to the said plaintiffs their said cause of action which had therefore accrued to the said William L. Manderson & Co. upon the said draft, for the recovery from the said defendant of said sum of $5000 as aforesaid, by means whereof the said defendant then and there became liable to pay the said plaintiff the said sum of $5000 in the said draft mentioned whenever he should be thereunto afterwards requested; and being so liable, the said defend-

[De Barry *v.* Withers & Peterson.]

ant in consideration thereof, afterwards, to wit, on the day and year last aforesaid, and at the county aforesaid, undertook, and then and there faithfully promised the said plaintiffs to pay them the said sum of money in the said draft mentioned, when he, the said defendant, should be thereunto afterwards requested.

To this count the defendant's counsel demurred, for the following reasons :—

1. No cause of action is alleged in the said count upon which the plaintiffs can recover in their own names.

2. The alleged consideration for the transfer of the instrument of writing sued on, from Manderson & Co. to the plaintiffs, is insufficiently set forth.

3. It is not alleged in said count that means were not furnished by the defendant to William L. Manderson & Co. to take up said instrument of writing at maturity.

4. The instrument sued upon is not a bill of exchange—being payable out of a particular fund—and is therefore improperly declared upon as such.

The court below gave judgment for plaintiffs on the demurrer, on which the damages were assessed by a jury.

The defendant thereupon sued out this writ, averring that the court below erred in allowing the plaintiff to amend his *narr.* by filing a third count, containing an entirely new cause of action, overruling the demurrer, and assessing the damages by a jury that "never was or could have been summoned for that purpose."

*Sharpless*, for plaintiff in error.

*F. C. Brewster*, for defendant.

The opinion of the court was delivered, March 2d 1863, by

READ, J.—An accommodation acceptor having paid a bill for which no funds are provided by the drawer, is entitled to recover the amount from the drawer, for the law, in the absence of any express contract, implies a contract to indemnify. But whether the action be for money paid, or specially for not indemnifying the plaintiff, still it is only a chose in action, which is assignable in equity, and therefore the suit must be in the name of the assignor for the use of the assignee. But as the assignee is the real owner, it would seem but just, if the debtor chooses expressly to promise to the assignee to pay the debt to him, that the assignee might sustain an action against him in his own name, and this was the view taken in the early English cases of Fenner *v.* Meares, 2 W. Bl. Rep. 1269; Israel *v.* Douglas, 1 H. Bl. Rep. 239. It would seem, however, that in England the rule at present is to require the consideration of forbearance, or some

[De Barry *v.* Withers & Peterson.]

other new consideration, to enable the assignee to proceed in his own name : 1 Chit. Pl. 15 ; Addison on Contracts 984.

In America, however, the early English doctrine has been adopted, and this is clearly the sound rule, for it is a promise to pay to the real owner of the debt, requiring no other consideration than the fact that the debtor is morally and equitably bound to pay it to his actual creditor, and is not allowed to discharge himself by paying it to any other person. This was the decision in Massachusetts as early as 1813, in Crocker *v.* Whitney, 10 Mass. 316, and reaffirmed in Mowry *v.* Todd, 12 Id. 281. In Maryland, in Allstan *v.* Contee, 4 H. & J. 351, a case argued by the present venerable chief justice of the United States, the same doctrine was held, and reaffirmed in Barger *v.* Collins, 7 H. & J. 213. So in New Hampshire : Currier *v.* Hodgdon, 3 N. H. 82 ; Thompson *v.* Emery, 7 Foster 269, and in Vermont : Moor *v.* Wright, 1 Verm. 57 ; Bucklin.*v.* Ward, 7 Id. 195. Such also is the case in Maine : Smith *v.* Berry, 6 Shepley 122, and Morris *v.* Hall, Id. 332.

In New York the same rule prevailed prior to the Code, which directs that suits shall be in the names of the real parties in interest : Compton *v.* Jones, 4 Cowen 13 ; De Forest *v.* Tracy, 6 Id. 151 ; Dubois *v.* Doubleday, 9 Wend. 317 ; Jessel *v.* Williamsburg Ins. Co. 3 Hill 88. In the Revision of Swift's Digest, Vol. 1, p. 438, the law in Connecticut is thus stated : " The assignment of a *chose in action* will be a good consideration for the promise of the debtor to pay to the assignee, who may maintain an action in his own name on such promise;" which is also the settled law of Tennessee : Mount Olivet Company *v.* Shubert, 2 Head 116.

This rule, so reasonable in itself, and so consonant to our ideas of justice, decided the present case, for the only real question before us was whether the additional count disclosed a sufficient cause of action. There is nothing in the other assignments of error.

Judgment affirmed.