## McNULTY *vs.* COOPER.—*December*, 1831.

The blank endorsement and delivery of a bond invests the holder with the right of collecting, or suing for, in the name of the assignor, the money due upon such bond; and of appropriating the same to his own use. It is *prima facie* evidence of title to such bond in the assignee, and he may write a formal assignment over the assignor's signature.

The courts will not lend themselves to a donee or assignee, to enforce and inchoate contract, not founded upon a valuable consideration; neither will they lend their aid to a donor or assignor, in a case where the gift or assignment has been consummated by possession, to recover back what the donee or assignee has received or collected.

APPEAL from *Frederick* County Court.

This was an action of *Assumpsit*, instituted by the appellee, *John Cooper*, against *Cornelius McNulty*, the appellant, on the 30th January, 1826, to recover the amount of two bonds, dated on the 21st August, 1819, conditioned each for the payment of $533 33, which the declaration alleged, the plaintiff, at the request of the defendant, had delivered to, and deposited with the defendant, in the years 1822 and 1823, which bonds, or the value thereof, the defendant promised upon request, to return to the plaintiff, but which he had refused to do.—In addition to the count upon the special agreement, there were the common money counts. The defendant pleaded *non assumpsit*, and issue was joined.

1. At the trial the plaintiff read to the jury, the record of a judgment rendered against him, in *Frederick* County Court, in November, 1819, in favor of *David Morrison*, for $600, with interest from June, 1818, and costs, which judgment was superseded by the defendant, and one *William Kolb*. He then proved the execution to him of the bonds described in the declaration, by the obligor therein named, with the following endorsements thereon written, to wit: "For value received, I assign over to *Cornelius McNulty*, all my right, title, and interest to the within bond, as witness my hand, &c."—and proved, that the defendant had received various payments, made by the obligor, from time to time, on account of the bonds. It was admitted by the counsel for the defendant, that the words, " for value received, I assign to *Cornelius McNulty*, all my right, title, and interest, to the within bond, as witness my hand, &c.," were written and filled up, a day or two before the trial, over the name of the plaintiff, without his knowledge or consent, but the name of the plaintiff written on the back of the bonds, was proved to be in the hand writing of the plaintiff. The defendant then proved by the sheriff of the county, that he had paid, as one of the superseders, on the before mentioned judgment, several sums of money, (though not equal in amount to the bonds,) and thereupon prayed the court to instruct the jury, that under the evidence in the cause, the delivery of the bonds, by the plaintiff to the defendant, with the name of the plaintiff endorsed on the same, and the acts of ownership exercised by the defendant, over said bonds, in the several receipts of money, paid on the same to the defendant, by the obligor in said bonds, and the defendant's possession of the same, was *prima facie* evidence of title, in the defendant, to said bonds. But the court (SHRIVER, A. J.) refused the instruction so prayed, and directed the jury, that if they should believe from the whole of the evidence in the cause, taken together, there was an actual sale, or transfer of the bonds by the plaintiff to the defend-

ant, then they must find a verdict for the defendant. On the other hand, if they should believe from all the evidence in the cause taken together, that there was not an absolute sale, nor transfer of the bonds; or if they should believe the plaintiff had delivered the bonds to the defendant, for the special purpose of enabling the defendant to secure himself against any liability, as superseder for the plaintiff, and when that liability should terminate, to satisfy, or account with the plaintiff, for any monies he might receive on the bonds, over and above the total sum of the payments he might make for the plaintiff, as his superseder, then, if from the evidence they should believe, that such liability of the defendant had terminated, the plaintiff was entitled to recover the balance of the total sum of money received by the defendant, on the bonds, after deducting the payments, made by the defendant for the plaintiff, as his superseder. The defendant excepted, and the verdict, and judgment being against him, he brought the present appeal.

The cause was argued before BUCHANAN, Ch. J., STEPHEN, and DORSEY, J.

Ross, and F. A. Schley, for the appellants, contended, 1. That the signature of John Cooper, the obligee, on the back of the bonds, and the delivery of them by him, to the defendant, was prima facie evidence, that Cooper had relinquished his right to the money due thereon, and had transferred the same to the defendant. 2. That the question of sale, and transfer, was a question of law, founded on facts not disputed, and should not have been submitted to the jury. 3. There was no evidence, from which the jury could infer, that plaintiff had delivered the bonds to the defendant, for the special purpose of enabling the latter, to secure himself, from liabilities incurred as a superseder for the plaintiff, and therefore no such question should have been raised before the jury. They referred in the

argument to *Master vs. Miller*, 4 *Term. Rep.* 340. 1 *Pow. on Mort.* 23. (*a*) 3 *Ib.* 1060. (*a*) note (1.) *Jones vs. Witter*, 13 *Mass. Rep.* 304. 1 *Bay.* 66, 406. 2 *Greenleaf Rep.* 334. *Green vs. Hart*, 1 *Johns. Rep.* 589. *Jerome vs. Whitney*, 7 *Ib.* 321. *McElderry vs. Flannagan*, 1 *Harr. and Gill*, 32. *Clark vs. Ray*, 1 *Harr. and Johns.* 323.

*Palmer*, for the appellee. 1. The mere possession of a bond, with the name of the obligee endorsed thereon, in blank, is not *prima facie* evidence, of an assignment for value. Such an endorsement does not *per se* import a consideration. 2 *Greenleaf*, 143, 322. The assignee of a bond, or single bill will not be protected either at law, or in equity, unless he can show that he holds for a valuable consideration. In this case there is nothing to show, that the money paid by the defendant, as one of the plaintiff's superseders, was the consideration upon which the assignment was made, but if there was, it should have been submitted to the jury. 2. The court was called upon, by the prayer of the defendant, to instruct the jury upon a *part* of the evidence, without regarding other parts, which, even if the defendant had made out a *prima facie* case, completely destroyed it. If the court are at liberty to grant a prayer of this description, predicated upon a part only of the evidence, then they may indirectly exclude evidence, which had previously gone to the jury. He referred to *Chirac vs. Reiniker*, 2 *Peters S. C. Rep.* 625. *Caton vs. Veale and Lenox*, 5 *Randolph* 31. *Cruger vs. Armstrong and Barnwall*, 3 *Johns. Cases*, 5. *Conroy vs. Warren, Ib.* 259. *Dugan vs. U. S.*, 3 *Wheat. Rep.* 182. *Chitty on bills*, 7, 8, 9, 14, 173.

DORSEY, J., delivered the opinion of the court.

We think the County Court erred in refusing to grant the prayer of the appellant, as set out in his bill of exceptions. It is the duty of courts, when not restrained from doing so by some rule of law, to give to the acts, and

agreements of the plaintiff and defendant, that interpreta-
tion which the common sense of mankind would impute to
them ; and so to effectuate that interpretation, as to accom-
plish the design and intention of the parties, as far as it can
be done, according to the established principles of law.
Thus influenced, we cannot do otherwise than say, (in the
absence of all proof to the contrary,) that the blank en-
dorsement, and delivery of a bond by the obligee, invests
the holder with the right of collecting, or suing for, in the
name of the assignor, the money due on such bond, and of
appropriating the same to his own use ; or, as is stated in
the prayer, that it is *prima facie* evidence of title to said
bond in the assignee. So far from there being in this case
any facts repelling this natural presumption, we regard
them as strong in its corroboration, by shewing a probable
valuable consideration for the transfer, and that the appel-
lee, for three or four years, took no steps to repossess him-
self of the bonds, which in his declaration he alleges, were
merely delivered to the appellant, to be returned on re-
quest ; and that during that period, *McNulty*, in a succession
of payments, collected as his own, nearly the whole amount
due on the bonds.

It has been alleged, that the prayer of the defendant below,
was predicated upon an isolated part of the testimony, and
that therefore, the court were justified in its rejection. If
this position, as regards the law, were a sound one, the alle-
gation, as to the fact, is not sustained by the record. The
instruction was asked, not simply upon the facts enu-
merated, but upon those facts, when considered in con-
nexion with all the other evidence in the cause. The
argument was strongly urged too, that no title accrues
to the assignee ; that the claim of the plaintiff could not
be resisted, but by its appearing that the transfer was
made for a valuable consideration, of which no evidence
had been offered. In considering this proposition, let it be
conceded that no consideration passed; that the obligee
made a gift of these bonds to the appellant. Does it thence

follow, that he can maintain *replevin, detinue, trover,* or *assumpsit,* to recover the bonds themselves, or their value in damages; or can a general *indebitatus assumpsit,* be supported against the assignee, for the money he may have received under the assignment? There is no principle, or analogy in the law, to authorise such a recovery. 'Tis true, that neither courts of law, nor of equity, will lend themselves to a donee, or assignee, to enforce an inchoate contract, not founded on a valuable consideration. But it is equally certain, that they will not lend their aid to a donor, or assignor in a case, where the contract has been consummated. He cannot reclaim by process of law, what he has given or assigned, where the gift or assignment has been perfected by possession. Having endorsed, and delivered the bonds, (of which delivery, the possession of the appellant is *prima facie,* sufficient evidence,) no action, either at law or in equity, can be maintained by the assignor for their recovery; nor for the money which has been collected under the assignment. From the view which we have taken of the testimony in this cause, we cannot approve of the instruction given to the jury. They were instructed, that they might draw conclusions, and infer facts, which the evidence before them was not legally sufficient, to warrant them in finding. Believing there is error in the County Court's refusal to grant the prayer of the appellant, we reverse their judgment.

JUDGMENT REVERSED.