(Decided 16th March, 1881.)

---

JOSEPH HAMPSON *vs.* JOHN A. OWENS, use of CHARLES W. STOW.

*Suit by Assignee of a Chose in Action—Art. 9, sec. 1, of the Code.*

Where the entire and exclusive interest in a bill of exchange or other negotiable *chose in action* is vested in the holder thereof, he cannot institute an action upon it in the name of another party. Assignments of other *choses in action* not negotiable, entitle the assignee to sue in the name of the assignor for the use of the assignee, or in his own name by virtue of Art. 9, sec. 1, of the Code.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ROBINSON and IRVING, J., for the appellee, and submitted for the appellant.

*Geo. Morris Bond,* for the appellant.

*Geo. G. Hooper,* for the appellee.

BOWIE, J., prepared the following opinion in his lifetime, and the same being concurred in after his decease

by the Judges who participated in the hearing, it was filed as the opinion of the Court.

Suit was instituted on the 10th of July, 1879, in the Baltimore City Court, by the appellee, (in the name of John A. Owens, use of Charles W. Stow,) against Joseph Hampson and John W. Backer, co-partners, trading as the Baltimore Lock Works.

The *narr.* contained the common counts, viz., 1st, for money payable by the defendants to the plaintiff for goods bargained and sold; 2nd, for work done and materials provided; 3rd, for money lent; 4th, for money paid by the plaintiff for defendants; 5th, for money received by defendants, for the use of the plaintiff; and 6th, for money found due from the defendants to the plaintiff on accounts stated between them, and claimed $1200 damages.

With the *narr.* was filed an account of the tenor following:

"Baltimore, Sept., 14, 1876.
"Baltimore Lock Works.
"To    John A. Owens,    Dr.
"To engine, boiler, shaft and hangers............$600.00

"For value received, I hereby assign to Charles W. Stow my account, dated Sept. 14, 1876, for $600, against the Baltimore Lock Works, (composed of Joseph Hampson and John W. Backer, co-partners,) for an engine, boiler, shafting and hangers, sold to said firm said date.

"John A. Owens."    [SEAL.]

The appellant, Hampson, appeared and pleaded that he never was indebted as alleged; 2nd, that he did not promise as alleged.

Judgment by default for want of a plea, was entered against John W. Backer.

Issue being joined on the pleas of the defendant, Hampson, a jury was sworn, and verdict found for the plaintiff, whereupon the appellant moved in arrest of judgment, for various reasons assigned, which motion being overruled, and judgment entered on the verdict, this appeal was taken.

The appellant's counsel in his brief, after stating in detail the reasons assigned in support of his motion in arrest, sums up their substance and object as follows:

"The question intended to be presented to the Court of Appeals, is simply whether or not, *since the enactment of the provisions embodied in sec.* 1, *Art.* 9, *of the Code*, a party who has assigned in writing, a *chose in action*, and thus parted with all interest therein, legal or equitable, can sue in his own name to the use of the assignee, as has been done in this case. The appellant respectfully maintains that he cannot. Although no case appears to have been presented to the Court, under sec. 1st, of Art. 9, of the Code, yet it is respectfully submitted, that the principle governing such cases as the one now submitted has been clearly laid down in the decisions below referred to—citing *Whiteford vs. Buckmyer*, 1 *Gill*, 145; *Bowie, use of Ladd vs. Duvall*, 1 *G. & J.*, 175; *Canton Nat. Building Association vs. Weber*, 34 *Md.*, 671."

The position of the parties in this statement is unintentionally reversed. It is not the case of an assignor suing in his own name, to the use of the assignee, but that of the assignee suing in the name of the assignor for the use of the assignee.

"*Choses in action* could not be assigned or granted over at common law, because it was thought to be a great encouragement to litigousness if a man were allowed to make over to a stranger his right of going to law, therefore, the assignment is in the nature of a declaration of trust and an agreement to permit the assignee to make use of the name of the assignor in order to recover possession. And

when in common acceptation, a debt or bond is said to be assigned over, it must still be sued in the original creditor's name." *Blac. Com., Book* 2, *ch.* 30, *p.* 442.

Promissory notes and bills of exchange, by certain statutory provisions, may be transferred by endorsement and delivery. *Ibid,* 468.

The Act of 1829, ch. 51, (Art. 9, sec. 1 of the Code, and sec. 41, Art. 64 of the Revised Code,) was designed to enlarge the right of action on *choses in action* therein described, so that the assignee, *bona fide* entitled thereto by assignment in writing, might by virtue of the assignment maintain an action in his own name against the debtor therein named, in the same manner as the assignor might have done before the assignment.

" Any defendant may make the same legal or equitable defence, as might or could have been had or maintained against the assignor at the time of such assignment, and before notice thereof."

This Act has never been construed as repealing or abolishing the common law right of suing in the name of the assignor.

In the case of *McNulty vs. Cooper,* 3 *G. & J.,* 214, it was held the blank endorsement and delivery of a bond entitled the holder to recover the amount due by suit in the name of the assignor.

In the case of *Canfield, et al. vs. McIlwaine, use of Wood,* 32 *Md.,* 100, the action was brought by an assignee of an assignee, on a due bill in the name of the first assignee. This Court said in that case, " Art. 9, sec. 1 of the Code, does not *require,* but *authorizes* the assignee of a *chose in action* to sue in his own name."

The language of the Court in the case of *Whiteford vs. Burkmeyer,* 1 *Gill,* 127, from which a contrary inference is drawn by the appellant's counsel, must be taken in connection with the cause of action, which was a bill of ex· change, in which the whole interest legal and equitable

passed by endorsement and delivery. Of such *choses in action,* the Court said, " where the entire and exclusive interest in a bill is vested in the holder thereof, he cannot institute an action upon it in the name of another party."

Assignments of other *choses in action* not negotiable, entitle the assignee to sue in the name of the assignor, for the use of the assignee, or in his own name by virtue of the Code. The motion in arrest of judgment was properly overruled and the judgment below will be affirmed.

*Judgment affirmed.*