F. CONRAD STOLL, ET UX. *v.* JOSEPH W. ALTON, SHERIFF, ET AL.

[No. 37, October Term, 1947.]

*Decided December 10, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Eugene P. Childs,* with whom was *Noah A. Hillman* on the brief, for the appellants.

Court declined to hear argument for appellees, but *A. Bowie Duckett, Jr., Mathias Evans* and *Max R. Israelson* appeared on the brief for the appellees.

GRASON, J., delivered the opinion of the Court.

On November 22, 1933, the Commonwealth Bank of Baltimore, a body corporate, instituted suit against F. Conrad Stoll and Mazie Smith Stoll, his wife, in the Circuit Court for Anne Arundel County. They were duly summoned and appeared by attorney. A demurrer was entered to pleas filed by them, which was overruled, and on January 15, 1936, the case was tried before the court. It rendered a verdict against the defendants for $5143.12, with interest from date, and costs, and judgment was entered thereon. On June 15, 1939, an order was filed in the case to enter the judgment to the use of the Madison Certificate Corporation. On January 23, 1947, the attorneys for the plaintiff struck out their appearance,

and Max R. Israelson and Samuel Schenker entered their appearance for the plaintiff and directed a *fieri facias* to issue on the judgment.

On February 17, 1947, the appellants (the defendants in the law case) filed their amended bill of complaint in this case against Joseph W. Alton, Sheriff of Anne Arundel County, and Max R. Israelson and Samuel Schenker (appellees). It sets out the facts narrated above, exhibits a certified copy of the docket entries in the law case; alleges the judgment in that case was not indexed until January 23, 1947; that Israelson and Schenker "purportedly" appeared "for Madison Certificate Corporation"; that that corporation was not in existence on June 15, 1939, it having been dissolved by a decree of the Circuit Court No. 2 of Baltimore City on the 13th day of May, 1939; that the execution ordered issued by said attorneys was unlawful and unauthorized; that the assignment of the judgment to the use of the Madison Certificate Corporation passed no title in said judgment to it, since no such corporation was in existence at that time; that said defendants have ordered the Sheriff of Anne Arundel County to sell their property under the execution issued aforesaid, which is averred to be unlawful and void.

The bill prays: (*a*) That the court assume jurisdiction; (*b*) that Israelson and Schenker be restrained from proceeding further with the execution on the judgment, or from taking any other method in attempting enforcement of the judgment for any sum of money claimed by them to be due anyone; (*c*) that the sheriff is disqualified to serve process upon himself and that an elisor be appointed to serve process on the sheriff; (*d*) that the sheriff be restrained from proceeding further with the execution issued on the judgment in this case; and (*e*) for general relief.

This bill was duly sworn to. Upon the bill, affidavit, and exhibit, the court passed a *nisi* order for the defendants to show cause why the relief prayed should not be granted.

Subsequently the appellants were permitted to file as an exhibit a certified copy of the decree of the Circuit Court No. 2 of Baltimore City, which dissolved the Madison Certificate Corporation. That decree appointed William Edgar Byrd "Permanent Receiver of the property, assets and affairs of the said Madison Certificate Corporation, a body corporate, with full power and authority to liquidate, dispose of and convert into cash all the property and assets of said Corporation under this Court's direction".

The Sheriff answered the bill. Israelson and Schenker filed a combined demurrer and answer. On March 29, 1947, the chancellor filed an order sustaining the demurrer, but continued the preliminary restraining order until April 7, 1947, for the purpose of allowing the plaintiffs (appellants) to file appropriate petitions in the original judgment case. The appeal to this court is from that order.

The appellants contend that at the time execution issued on the judgment the case in which it was entered had terminated, and that therefore the entry of the judgment to the use of the Madison Certificate Corporation was a nullity.

The appellants pose the question: "Is it the concern of a judgment debtor when a judgment against him is assigned, or is he precluded from questioning it?" Our answer to this is the latter. He has no right in the matter. It can hardly be supposed that if A. holds a judgment against B., in order for A. to assign the same to C. he would have to get B.'s consent. Such is not the case.

In *Logan v. State, use of Nesbitt,* 39 Md. 177, Judge Miller quoted from *State v. Dorsey,* 3 Gill & J. 75:

"When suit is brought on a private bond for the use of an individual, the individual for whose use it is entered, is not the legal plaintiff; the use is only entered for the protection of his equitable interest, and if he dies pending the suit, his death is not the subject of a plea, nor is there for the purpose of the suit, any neces-

sity for suggesting his death, but the suit goes on as if he were still living, or the use had never been entered. The judgment is entered in the name of the nominal or legal plaintiff; *and it is nothing to the defendant who may be entitled to the equitable interest.*" (Italics supplied.)

See note (b), *State v. Dorsey,* 3 Gill & J., page 48, side page 75.

When the Bank assigned its judgment to the Madison Certificate Corporation it continued to be the plaintiff, but the assignee became equitably entitled to the proceeds of that judgment. It was prudent to file the assignment in the case in order to protect the assignee's "equitable interest" in the judgment. There is nothing in the case to show that the Corporation was dissolved at the time the assignment was made to it; and it is an asset in the hands of the receiver.

That a defendant cannot challenge a judgment rendered against him, which has been assigned, is because of the rule of law that a case will not be reopened which has been fully, fairly, and lawfully litigated. The judgment is due and it cannot matter to the defendants to whom it is paid, as long as it is paid to one legally entitled thereto. There is nothing in the bill to show any equitable reason for interference with the collection of the judgment referred to.

The appellants cite section 1 of Article 8 of the 1939 Code, which authorizes an assignee to institute suit in his own name on the assigned instrument, and cites *Canfield v. McIlwaine,* 32 Md. 98, which holds that such an assignment must be *bona fide.* This section has no application to this case, for the suit at law here involved was not instituted on an assigned instrument. Even so there is no allegation in the bill before us that the assignment was *mala fide,* and, therefore, the law presumes it to be *bona fide. Canfield v. McIlwaine, supra.*

The appellants alleged no facts that entitle them to relief in either a court of law or equity. They do not aver that the judgment rendered against them is not just,

346

and that they did now owe the Bank the note sued on. Neither do they allege a meritorious defense to the cause of action upon which the judgment was entered. Their bill asserts no equity whatever. The order of the learned chancellor below will be affirmed.

*Order affirmed, with costs.*