Per Curiam.

Upon consideration of this case, and comparing it with the case of Lee & al. vs. Gray, (1) we find nothing to justify a different decision from the one which was made in that case. It was urged upon our consideration in the argument, that the ship, insured ty the policy upon which this action is brought, was captured by a British armed vessel, and forcibly carried into England; whereas, in the other case, there was no actual capture, but a voluntary departure for England upon information of the existence of the French decrees.
We postponed the decision of this cause, in order to ascertain whether this difference in the facts ought to have any weight. But it appears that the vessel and cargo were liberated soon after her arrival at Plymouth, and restored to the possession of the master, who was under no restraint, but afterwards deviated from his voyage merely through fear of being seized for a violation of the decrees. We do not * think that his temporary detention [*291 j by capture, no abandonment having been made during its existence, can have any effect.
The freight was not lost from any of the perils insured against, but altogether from the apprehension of peril, and therefore is not charge able to the underwriters.
The principles of this decision have been so ably discussed in the two cases of Richardson & al. vs. Maine F. & M. Insurance Company, (2) and Lee al. vs. Gray, before referred to, that it is wholly unnecessary to enter into any reasoning upon the subject now. Judgment must therefore be for the defendants, with costs, according to the agreement of the parties.†

Plaintiff nonsuit.

 7 Mass. Rep. 349.

 8 Mass. Rep. 402.

 Vide note to Brewer vs. The Union Insurance Company, ante, 171.