JOHN ROBINSON,

*vs.*

WILLIAM JEFFERSON, administrator of OTIS PAINE, dec'd., WILLIAM D. WAPLES, SAMUEL SLATOR and ESTHER his wife, late ESTHER PARKENSON, executrix of ROBERT PARKENSON, deceased, and JOHN MITCHELL, SAMUEL LOCKWOOD and ARMWELL LONG.

*Sussex, March T. 1823.*

Injunction granted to restrain the collection of two single bills, given in consideration of an assignment, to be thereafter made, of an interest under a patent,—the obligees having, after obtaining the bills, refused to make the stipulated assignment.

Parol evidence admissible to prove the consideration for which the bills were made, although the consideration did not appear upon their face.

The assignee of bills, given under such circumstances, takes them subject to the equities affecting them in the hands of the obligees.ᶜ Such *it seems*, is the effect of an assignment, even when made under the Statute of Delaware for assigning specialties.

A denial, by answer, of the equity of the bill is not evidence, under the rule requiring two witnesses, &c., to controvert it, unless it be made by a party cognizant of the transactions out of which the complainant's equity arises.

An answer setting up, as a defence, new matter is not evidence, but must be proved.

BILL FOR AN INJUNCTION.—This was a bill for an injunction to restrain the collection of two single bills, or obligations under seal, which had been given by the complainant,—one being dated the 11th of July, 1815, for the payment of $90.00, on the first of December, 1815, to Otis Paine, now deceased, and the other being of the same date and for the payment of the like sum on the 1st of March, 1816, to Robert Parkenson, now deceased. Both bills were afterwards, and after the time appointed for payment, sold to William D. Waples. The bill given to Parkenson was indorsed on the back to the use of Waples. With respect to the bill given to Paine there was a separate paper signed by Paine's administrator, the defendant William Jefferson, acknowledging that the bill was for the use of Waples.

The bill of complaint alleged that Otis Paine, deceased, the obligee in one of the notes, held in his life-time a patent right for sawing shingles; that he offered to sell to the complainant the right under the patent to saw shingles in several of the Hundreds of Sussex County, and that Robinson agreed to purchase the right,—the consideration to be $180.00; that Paine then informed the complainant that he had previously assigned one moiety of the patent to Robert Parkenson, of the City of Philadelphia, and proposed that Robinson should execute a single bill to him, Paine, for $90.00, and another for the like amount, to Parkenson; that Paine promised the complainant, that, on receiving the bills, he would go to Philadelphia, and bring or send

to the complainant an assignment, to be executed by himself and Parkenson, securing the right for which the bills were given; that this agreement was made on the 11th of July, 1815, and the bills executed on the same day. The bill then alleged that no assignment of the patent right purchased by the complainant was ever in fact made to him, but that Paine and Parkenson had, in their life-time, refused and neglected to make the same, as had their representatives since their respective deaths. The complainant by his bill insisted that the consideration for which the single bills were given had failed, through the fraud of the obligees, and he prayed an injunction perpetually restraining the defendants from collecting the same by legal process, and that the same might be delivered up to be cancelled, &c.

The answer of William Jefferson, administrator of Otis Paine, set forth that he knew nothing of the alleged purchase by the complainant of an interest in Paine's patent right, nor of any agreement respecting the assignment of the right or the giving of the single bills. That Paine died in the month of November, 1817; that in the next following spring or summer the complainant called upon this defendant and inquired respecting the bill given to Paine; and that this defendant having stated that he had found no such bill among the papers left by Paine, the complainant assured him there was such a bill and requested him to search for it, saying that it was good and not disputed. That afterwards this defendant ascertained that the said bill was held by William D Waples, under an equitable assignment from Paine, and he has permitted said Waples to proceed at law in his name to collect the same.

The answer of William. D. Waples alleged by way of defence, with respect to the single bill originally given by the complainant to Robert Parkenson, that the same was held by this defendant in the fall of the year 1816, as the

agent of Parkenson for collection; that the complainant, on being called upon by this defendant for payment, made no objection to the bill, and promised to pay the same by the month of April next following; that afterwards, in the month of February,1817, Parkenson having died, and his widow and executrix being in need of money, this defendant, relying upon the assurance previously given by the complainant that he would pay this single bill in April, was induced to advance to Parkenson's executrix the amount thereof and to take the same for his own use; that in the month of April following, this defendant having according to a previous understanding with the com- plainant, left a statement of the amount due on the said bill with Isaac Tunnell, at Georgetown, for payment, the complainant refused to pay the same, and then for the first time set up against it the objection now alleged in the bill of complaint. The answer further alleged that this single bill had subsequently been assigned by this defendant to one Matthew Hinson, from whom it had come into the hands of the defendants, Mitchell, Lockwood and Long. And with respect to the other of the two single bills, being the one given by the complainant to Otis Paine, this de- fendant alleged that in the latter part of the year 1816, he took the same from the said Paine, in part for the payment of an antecedent debt and in part for a further advance of money, the circumstances of the consideration being detailed in the answer; that in the month of October 1817, this defendant called upon the complainant for a settle- ment of the said bill, and the complainant then paid him ten dollars on account of the same, but that the complain- ant has since refused further to pay the said bill. And the answer of the defendants, Jefferson and Waples, admitted the proceedings taken for the collection of the said single bills.

The defendants, Mitchell, Lockwood and Long, by their answer disclaimed all knowledge of the transactions

alleged by the complainant, upon which the equity of his bill rested.    They admitted that the bill given by the complainant to Robert Parkenson had, by sundry assignments, come to the firm of Clayton, Mitchell & Co., of which they were the co-partners, and that the same had been sued upon in the name of that firm.    The remaining defendants, Samuel Slator and wife, had not been served with process and did not appear and answer in the cause.

Issues were joined and depositions taken on both sides. The depositions of I. P. W. Kollock and Charles M. Cullen were taken for the complainant, to prove that the proposed assignment of the patent right was the consideration for which the bills were given.    No evidence was adduced in support of the allegations in the answer of Waples.    The cause came before the Chancellor, at the March Term, 1823, for a hearing on the bill, answers, exhibits and depositions. The argument at the hearing mainly concerned the admissibility of certain parol evidence which was read to show the consideration of the bills.    There was also a question as to the effect which should be given to the answer of William D. Waples, the assignee of the single bills, as a denial of the equity of the bill.

*Wells,* for the defendant.

Parol evidence is inadmissible to vary or add to the condition of a deed or obligation under seal, or to the terms of an agreement.    1 *Esp. N. P.* 221 : *Phillips on Ev.* 423, 426, 444, 447.    The same rule has been frequently applied in equity.    1 *Ves. Jr.* 241 : *Irnham vs. Child et al.* 1 *Bro. Ch. Rep.* 92 : *Brydges vs. Duchess of Chandos,* 2 *Ves. Jr.* 422 : *Lord Portmore vs. Morris,* 2 *Bro. Ch. Rep.* 219.    Another defence arises out of the answer of the defendant, Waples. It is, in its effect, a denial of the equity of the bill; and not being contradicted by two witnesses, or by one witness with corroborating circumstances, it must prevail.    1 *Harrison's Ch. Pr.* 224.

*Robinson,* for the complainant.

We do not seek to contradict or to vary the terms of these bills. We admit they were given as they appear on their face; but we say they were given for a consideration collateral, i. e. the assignment of the patent right, and that this consideration has utterly failed, so that it is now against equity to enforce the bills. It has been held, in the case of bonds, that equity will relieve against one given without consideration; as in *Osborn vs. Fitzroy,* 3 *P. Wms.* 129; 2 *Com. Dig. Chancery,* 636. So, where a bond has been given upon an agreement not performed, 2 *Com. Dig. Chancery,* 643. So, generally, where upon any equitable consideration a bond is held void in this Court, it will be cancelled. 1 *Johns. Ch. R.* 517. The assignment of the bills to Waples does not affect the right of the complainant. The assignee of a *chose in action* takes it subject to all equities affecting it in the hands of the original party. With respect to the answer of Waples, he was not a party to the original transactions, and was not cognizant of the matters out of which the complainant's equity arises. His answer sets up a new case, and is not within the rule which requires two witnesses to controvert it.

RIDGELY, CHANCELLOR.—The parol evidence offered to show the consideration of the bills in question is not inconsistent with them. It neither contradicts nor impugns them, but leaves them as they were originally made. Nevertheless, the evidence shows that at the time they were executed an agreement was made that Paine should assign, or cause to be assigned, certain rights in a patent obtained for sawing shingles, and that such assignment was the consideration of the bills. No consideration is expressed on the face of them. The bill of complaint charges all the circumstances, and shows that a fraud was practiced upon Robinson by Paine.

32

Under these circumstances, the parol evidence is competent to prove that the complainant obtained no consideration, and that the whole was an imposition on the part of Paine.

In *Villers vs. Beaumont, Dyer,* 146, *a.* it was adjudged that where no consideration is expressed, a consideration may be averred outside of the deed. And in *Shove vs. Pincke,* 5 *T. R.* 129, Lord Kenyon said that a fact not stated in a deed may be alleged as a consideration. In *Peacock vs. Monk,* 1 *Ves. Sr.* 128, Lord Hardwicke admitted, that where no consideration is mentioned you may inquire into the consideration. In *Pitcairne vs. Ogbourne,* 2 *Ves. Sr.* 375, parol evidence was allowed to show that though a bond, on a marriage, was for £150, per annum, yet the agreement was for £100. And in the *King vs. Scammander,* 3 *T. R.* 475, it was held in the King's Bench, that other considerations might be proved than those in a deed. And so, if my memory does not deceive me, it was ruled in the Supreme Court of Pennsylvania, when Mr. McKean was Chief Justice. In *Osmond vs. Fitzroy,* 3 *P. Wms.* 129, cited by the complainant's counsel, it was considered that if a bond be insisted on, to have been given for a consideration, where it appears there was none, equity will relieve against it.

Unless parol proof be admitted in such cases fraud cannot be detected when it does not appear on the writing. Here, the bills are not denied. They are admitted by the complainant. The testimony of Kollock and Cullen clearly shows their execution, and that there is not a word upon them that the parties did not intend should be there. But the same testimony shows that these bills were made for a supposed consideration, and that Paine obtained them through fraud and imposition. He made an agreement which he never fulfilled,—which was distinct and separate from the bills, and only connected with them to show that it was the consideration upon which the bills were given.

This is not like the case of *Lord Irnham vs. Child,* 1 *Bro. Ch. Rep.* 92, where the agreement attempted to be set up, contradicted the deed. And the case of *Lord Portmore vs. Morris,* 2 *Bro. Ch. Rep.* 219, was precisely the same as *Irnham vs. Child.* The parol evidence was designed to vary the written agreement. I do not exactly perceive the bearing of *Conolly vs. Lord How,* 5 *Ves. Jr.* 700, on this case. There, the question was whether the declarations of a party to a deed should be read in evidence, but that is nothing like this case. The declarations in support of the deed, made previous to its execution, were read; those subsequent and impeaching it were rejected. As to *Brydges vs. the Duchess of Chandos,* 2 *Ves. Jr.* 422, it was a great question on the revocation of a will, and how far that might be by subsequent deeds; and also whether a particular estate remaining unsold was to be considered real or personal. Evidence was offered of some circumstances,—of some facts,—in writing; but the Chancellor rejected it; not because it was parol,—for it was not,—but because he could take no notice of the circumstances as operating on the question before him. That case has no application.

It has been urged that the defendant, Waples, has denied the allegations in this bill; and that no decree for relief can be made without the testimony of two witnesses against the answer, or of one witness with strongly corroborating circumstances. But the answer does not, and cannot, positively deny the allegations of the bill; for Waples was not a party to, nor concerned in, the original transactions, and had no immediate knowledge of them. He states new and distinct facts, not originally existing, and which are not supported by any proof. The allegations of the bill, as to the specialties and the consideration, are supported by the testimony of Kollock and Cullen; and there is no plain and positive denial of any assertion in the bill necessary to the complainant's

case.   Waples, by his answer, certainly makes a new case ; but, in my judgment, all the testimony and circumstances in the cause tend clearly to its contradiction.

It should be remarked that these bills are not assigned according to the form of the Act of Assembly.   The assignments are, therefore, equitable only; and the bills are liable in the hands of the assignee to all the equities to which they were liable in the hands of the obligee.   But, even if they had been assigned in the manner prescribed by the Act of Assembly, the assignee would have taken them subject to the same objections which might have been made against them by the obligor in the hands of the obligee.   This is the well known and established law, and the assignee, before he takes the assignment of a specialty, ought to inquire whether it is liable to any plea, discount, or impeachment whatever.   Such is the law in Pennsylvania, 1 *Dall. R.* 23 : 2 *Binn. R.* 154, 165, 166, 168.

Let a decree be entered for a perpetual injunction, according to the prayer of the bill.

The Chancellor's decree was affirmed, on appeal, by the High Court of Errors and Appeals, at the June T. 1827.