THE TRADESMEN'S NATIONAL BANK OF PHILADELPHIA *vs.* JACOB GREEN, DANIEL DONNELLY and JOSHUA E. ARMIGER.

*Demurrer—Non-Negotiable Instrument—Defective Declaration—Assignment in Writing under Art. 9, sec. 1, of the Code—The words : For Money payable by the Defendant to the Plaintiff, in Art. 75, sec. 22, of the Code.*

The plaintiff was the holder for value of the following paper: We the undersigned, Commissioners of Madison Square, hereby promise to pay to the order of A. Petticord or bearer, the sum of $476.60, out of .the appropriation for the said square for the year 1879, for· lamps and fixtures furnished at Madison Square, according to contract, which is hereby approved : signed by the defendants, Commissioners of Madison Square. On this paper, set out in his *narr.*, the plaintiff sued the defendants. There was no assignment in writing from A. P. to the plaintiff. The *narr.* did not contain the averment "for money payable by the defendants to the plaintiff." The defendants demurred, and judgment was entered for them. HELD :

1st. That the demurrer was well taken, on the ground that the instrument declared on was not negotiable, and, therefore, under Art. 9, sec. 1, of the Code, the plaintiff could not maintain the suit in its own name; that there being no assignment of the paper in writing, the suit should have been instituted in the name of A. P. to the use of the holder.

2nd. That it was not necessary to aver in the *narr.*, on the cause of action set forth,—"for money payable by the defendants to the plaintiff;" as Art. 75, sec. 22, of the Code, confines such averment to the *indebitatus* counts, and dispenses with it in its forms for declarations on promissory notes and other agreements, which in . terms provide for the payment of money, and for other causes of action, in their nature of similar import.

APPEAL from the Baltimore City Court.

The action in this case was begun in the Court below the 11th July, 1879. On the 19th January, 1881, by

Tradesmen's Nat. Bk. *vs.* Green, *et al.*

leave of Court, the following amended declaration was filed :

The plaintiff, by Robert D. Morrison, its attorney, sues the defendants for that the defendants, on the 26th day of June, 1878, made and executed a certain writing in the words following, to wit: Baltimore, 26th June, 1878. We, the undersigned, Commissioners of Madison Square, hereby promise to pay to the order of A. Petticord, or bearer, the sum of four hundred and seventy-six dollars and sixty cents, out of the appropriation for the said square for the year 1879, for lamps and fixtures furnished at Madison Square, according to contract, which is hereby approved. Jacob Green, Daniel Donnelly, Joshua E. Armiger, Commissioners of Madison Square.

And the same was afterwards delivered to the plaintiff for value; and the said appropriation was duly made; and after the appropriation was made as aforesaid, the said paper was duly presented to the defendants for payment, but the defendants did not pay the same. And the plaintiff claims $600. Robert D. Morrison, attorney for plaintiff.

On the 21st January, 1881, a general demurrer to the amended declaration was entered short on the docket. On the 29th January, 1881, issue was joined on the demurrer ; on the same day the demurrer was sustained, and judgment was entered for the defendants on the demurrer with costs. On the 22nd March, 1881, the plaintiff appealed.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, IRVING and RITCHIE, J.

*Richard Culbreth*, and *Robert D. Morrison*, for the appellant.

*N. Rufus Gill*, for the appellees.

RITCHIE, J., delivered the opinion of the Court.

The judgment having been entered below for the defendants, present appellees, upon their general demurrer to the declaration, we have to determine in this appeal simply whether the demurrer was well taken. The appellees rest their demurrer upon two grounds: First, that the *chose in action* declared on is not a negotiable instrument, and therefore the plaintiff could not maintain the suit in its own name. Second, that the declaration is bad because it does not contain the averment "for money payable by the defendants to the plaintiff."

We concur with the appellees in not considering the instrument negotiable; because the time of its payment is uncertain, is subject to a contingency not inevitable, and it is made payable out of a particular fund. In *Story on Promissory Notes*, these characteristics are shown to be incompatible with negotiability, from the following sections:

"22. To make a written note for the payment of money a valid promissory note, the money must be payable absolutely, and at all events, and not be subject to any condition or contingency."

"25. Where a written promise for money, which otherwise would be a good promissory note, is made payable out of a particular fund, so that the payment is to depend upon the existence or sufficiency of that fund, that will render it invalid as a promissory note."

"27. To constitute a valid promissory note, it should be for the payment of money at some fixed period of time, or on some event which must inevitably happen." See also *Byles on Bills*, (*marginal*) 95, 96, and *Parsons on Bills and Notes*, 42.

The instrument sued on being a *chose in action* not negotiable, an assignment of it in writing was necessary under our statute to enable the plaintiff to sue in its own name. In the absence of such an assignment, the suit

should have been instituted in the name of Petticord, to the use of the bank.

In the case of *Owens vs. Hampton*, 55 *Md.*, 583, this Court expressly decided, that, where the entire and exclusive interest in a bill of exchange or other negotiable *chose in action* is vested in the holder thereof, he cannot institute an action upon it in the name of another party. Assignments of other *choses in action* not negotiable, entitle the assignee to sue in the name of the assignor for the use of the assignee, or in his own name, by virtue of Art. IX, sec. 1, of the Code.

There having been no assignment in writing of the instrument on which this suit was brought, the demurrer was well taken.

We deem it proper, however, to say further, as to the other ground of demurrer, that the words, "for money payable," &c., are omitted in the *narr.*, we do not think it necessary to state them where the cause of action is such as that sued upon. The appellees rely upon *Merryman vs. Rider*, 34 *Md.*, 98. But the declaration in that case contained simply four of the common counts, which down to thirteen, inclusive, are expressly required by the Code to be preceded by the words "for money payable by the defendant to the plaintiff." While deciding this requirement of the statute to be imperative, and stating these words to be of the *gist* of the *indebitatus* counts, which only were within the decision, it is evident from the comments upon certain cases referred to, the Court did not mean to pronounce these words essential where the instrument itself, which is the cause of action, and the averments of the *narr.*, show that the debt was a money debt, and that it was due before the commencement of the suit. The Code confines their averment to the *indebitatus* counts, and dispenses with them in its forms for declarations on promissory notes, and other agreements which in terms provide for the payment of money, and for other causes

of action set forth, which in their nature are of similar import.

Having already stated that the first objection to the *narr.* relied on is sufficient to sustain the demurrer, it follows that we concur in the ruling of the Court below; and the judgment must be affirmed, but without prejudice.

*Judgment affirmed.*

(Decided 25th February, 1882.)