In the matter of the petition of George W. Vernon, Howard E. Vernon and Albert B. Vernon for a new election to be held for Directors of the Republican Printing and Publishing Company.

*Corporation—Election of Directors—Petition to Set Aside Notice— Transfer of Shares Voted—Validity.*

1. Notice must be served on the corporation of an application to set aside its election of Directors, as provided in Rev. Code (1893), 579, Sec. 24.

2. Notice of the application for a rule to set aside the election of directors of a corporation having been given, it is unnecessary to issue a rule to show cause why the prayer of the petition should not be granted ; but the Court may, on the return day of the application, fix a time for hearing.

3. Under Rev. Code (1893), 578, Ch. 70, Sec. 22, providing that at an election of corporate directors no shares shall be voted which have been transferred to the holder within twenty days of the time of such election, an election at which four shares were voted, which were transferred to the voters on the day of election, is void.

(*February 18, 1898.*)

Lore, C. J., and Pennewill and Boyce, J. J., sitting.

*William S. Hilles* for petitioners.

*Benjamin Nields* and *John P. Nields* contra.

Superior Court, New Castle County, February Term, 1898.

Petition of George W. Vernon, Howard E. Vernon and Albert B. Vernon, all of the City of Wilmington, for a new election of Directors of the Republican Printing and Publishing Company. Rule to show cause.

*Mr. Hilles*, for the petitioners, on February 15th, presented a petition. under Section 24, page 579, Rev. Code (1893) in the above matter, and asked for a rule upon the Republican Printing and Publishing Company.

Lore, C. J :—They must have notice of your intended application for the rule. The statute, we think, contemplates such notice. When you apply, and we grant an order, we do

not give notice of your application, but we grant you a rule, which rule is served upon the parties commanding them to come in and answer. That is not notice of an application; it is a notice of an order of this Court. We will make a rule returnable at a certain time when you put yourself in shape to get a rule, upon your giving them reasonable notice.

The petition alleged :

"That by an act of the General Assembly of the State of Delaware, passed February 6, 1887, the Republican Printing and Publishing Company was duly incorporated for the purposes therein mentioned.

"That thereafter, the said corporation was duly organized and commenced business under its said charter.

"Your petitioners annex hereto a copy of the said act of incorporation, and pray that the same may be taken as a part of this, their petition.

"That, at the organization of the said company, it was decided to issue sixty shares of the capital stock, of the par value of five hundred dollars each, which stock was to be issued to the firm of George W. Vernon and Sons in payment for their business and property.

"That said stock was to be issued so that George W. Vernon should hold thirty shares thereof, Howard E. Vernon seven shares thereof, George F. Vernon seven shares thereof, Albert B. Vernon seven shares thereof, W. Scott Vernon seven shares thereof, and that the two shares of said stock should be held by the said George W. Vernon in trust for the said Howard E. Vernon, George F. Vernon, Albert B. Vernon and W. Scott Vernon, and should be voted by him as directed by the *cestuis que* trust.

"That in accordance with the above arrangement, there were issued to each of your petitioners seven shares of said capital stock, which they still hold, and to the said George W. Vernon as trustee as aforesaid, two shares of the capital stock.

"That since that time the said George F. Vernon has acquired, and is now the owner of seven additional shares of the said capital stock.

" That it was provided in the act incorporating the said company that the annual meeting of the stockholders thereof should be held on the third Monday in January in every year, and it was further provided that at the said meeting there should be elected a Board of three Directors, who should be stockholders.

" That previous to the meeting of the said company, held on the seventeenth day of January, A. D. 1898, the Directors of the said company were George W. Vernon, W. Scott Vernon and George F. Vernon.

" That the President of the said company was the said George W. Vernon, the Treasurer of the said company was the said Howard E. Vernon, and the Secretary was Henry Walter Vernon.

" That previous to the said meeting held on the seventeenth day of January last, your petitioners aver that it had been determined by certain persons, some of whom were then stockholders, and some of whom were not, that the management of the said corporation should be changed, and that, to that end, on the day of the said meeting, to wit, on the seventeenth day of January, 1898, or thereafter, certain shares of the stock of the said company were transferred so that one Mary Vernon should hold three shares of said capital stock, Frank Vernon should hold two shares of said capital stock, and Clarence Vernon should hold two shares of said capital stock.

" That at the said meeting against the protests of your petitioners, and against the laws of the State of Delaware, thirty-two shares of the said capital stock were voted for George W. Vernon, W. Scott Vernon and Mary Vernon, as Directors for the said corporation for the ensuing year, as follows :

"George W. Vernon ...............................9 shares.
George W. Vernon, Trustee....................2 shares.
Henry Walter Vernon. ..........................7 shares.
John Wesley Vernon.............................7 shares.
Mary Vernon ......................................3 shares.
Frank Vernon........ ..............................2 shares.
Clarence Vernon............ ......................2 shares.

"That in the said thirty-two shares were included the two shares of stock held for your petitioners, together with the said W. Scott Vernon, and also the three shares of stock transferred to the said Mary Vernon, the two shares of stock transferred to the said Frank Vernon, and the two shares of stock transferred to the said Clarence Vernon on the seventeenth day of January, A. D., 1898.

"That your petitioners aver that the two shares of stock so held in trust for them, together with the said W. Scott Vernon aforesaid, should not have been so voted at the said meeting against their protest and wishes, and that the shares of the said Mary Vernon, Frank Vernon and Clarence Vernon were voted by them contrary to the laws of the State of Delaware in that behalf.

"Your petitioners further show that at the meeting of the Board of Directors so held as aforesaid, the said George W. Vernon was elected President, and the said Walter Vernon was elected to the offices of Secretary and Treasurer.

"That the said election of the said Walter Vernon to the offices of Secretary and Treasurer was contrary to the laws of the said organization, which did not provide that the said offices should be held by the same person.

"That your petitioners have given at least three days' notice to the Republican Printing and Publishing Company, George W. Vernon, Henry Walter Vernon, Mary Vernon, Frank Vernon, Clarence Vernon and John Wesley Vernon, of their intention to present this application to this Court, a copy of which notice is hereto annexed.

"Your petitioners therefore pray that this Honorable Court may, after giving reasonable notice to the said George W. Vernon, Henry Walter Vernon, Mary Vernon, Frank Vernon, Clarence Vernon and John Wesley Vernon, as well as to the said company, order a new election to be held for Directors of the said corporation, or make such other order and give such relief in the premises as right and justice may appear to the said Court to be required."

The notice referred to in the above petition as having been served upon the Republican Printing and Publishing Company, on February 15, 1898, was in these words :

"*To the Republican Printing and Publishing Company :*

George W. Vernon, Henry Walter Vernon, Mary Vernon, Frank Vernon, Clarence Vernon, John Wesley Vernon.

"You and each of you are hereby notified that on behalf of Howard E. Vernon, George F. Vernon and Albert B. Vernon, I will on Saturday morning next, the 19th inst., at ten o'clock a. m., present an application to the Superior Court of the State of Delaware, in and for New Castle County, to set aside the election of Directors held on the seventeenth day of January last, at which election George W. Vernon, Mary Vernon and W. Scott Vernon were elected Directors of the Republican Printing and Publishing Company to serve for one year from date."

*B. Nields :*—We will appear for the Republican Printing and Publishing Company at the proper time.   We have not seen the petition and know nothing of its contents.   The notice does not disclose it.   The proper course would be for the Court to grant a rule to show cause why the prayer of the petition should not be granted, and the matter could be heard upon the return of that rule.

*Mr. Hilles* :—This petition is filed under the statute, Revised Code, Section 24, page 579, under which the Court, after hearing the allegations in the petition, would be authorized to fix a time for a hearing.

LORE, C. J:—The statute evidently contemplates proceeding forthwith.   It may be a matter that requires speedy redress, where the interests of the parties are at stake.   The purpose of a rule is to give notice.   You have the notice in the form prescribed by the statute.   Having notice, if the other parties appear, we then proceed with the hearing.   If they do not appear, upon offering proof, we will make the order.   If the notice serves exactly the purpose of a rule, which is to give notice to the parties, we can see no reason why we should duplicate notice.

We will hear the proof on Saturday, the twenty-sixth of February.

On February twenty-sixth, the Republican Printing and Publishing Company, by Benjamin Nields and John P. Nields, its attorneys, filed an answer to the above petition.

Witnesses were thereupon heard on both sides. It was then admitted by counsel for petitioners, that for the purpose of the argument he would not dispute that twenty-eight shares of stock were legally cast in the election for Directors of the Republican Printing and Publishing Company, but that the four shares transferred by Mary Vernon on the day of the election—two to Frank Vernon and two to Clarence Vernon—were illegally cast, not having been held by said transferees a sufficient length of time to entitle them to vote at said election, as required by the General Incorporation Act of this State. (*Rev. Code. Chapter 70, Sec. 22, page 578.*)

*John P. Nields :*—The four shares voted by Frank Vernon and Clarence Vernon were transferred to them on the books of the company within twenty days next preceding the election.

These four shares were lawfully voted because the denial of the right to vote on stock transferred within twenty days next preceding an election for Directors is in direct conflict with the language of Article IX., Section 6, of the Constitution of Delaware, 1897 :

" In all elections for directors and managers of stock corporations, each stockholder shall be entitled to one vote for each share of stock he may hold."

Section 6, Article IX., of the Constitution is a provision not to be found in any other State Constitution.

The Constitution is the fundamental and paramount law of this State.

*Newell vs. People, 5 N. Y., 97.*

A newly adopted Constitution *suo motu* displaces existing inconsistent laws.

*6 Am. & Eng. Ency. Law (2 Ed.), 919.*

Different statutes may be treated as parts of a connected whole. This principle does not apply to a constitution established by an authority distinct from and independent of any legislative body, and proceeding by different methods.

*State vs. Williams, 13 S. C., 546.*

The power to vote at elections for Directors is derived wholly from the holding of shares' of stock at that time. Conversely the holding of shares of stock at elections for Directors must give to such stockholders the right to vote. The denial of the right to vote to stockholders holding shares of stock acquired within twenty days before the day of election is inconsistent with the unrestricted, unlimited and unqualified right to vote secured by the Constitution to every stockholder holding a share of stock.

While a liberal construction is required in the case of legislative enactments, a strict construction is enjoined with reference to the provisions of a constitution.

*6 Am. & Eng. Ency. Law (2 Ed.), 921.*

Questions as to wisdom, expediency or justice of constitutional provisions afford no basis for construction, where the intent to adopt such provisions is expressed in clear and unmistakable terms.

The fact that it may work great inconvenience to a particular class of officers or persons furnishes no grounds for the courts to ignore the evident intent of a provision.

*6 Am. & Eng. Ency. Law (2 Ed.), 923.*

*Mr. Hilles :*—Section 6 of Article IX., of the present Constitution means simply that the holder of more than one share of stock shall have a representation in the corporation equal to his holdings therein.

After holding the matter under advisement until March 2, 1898, the Court rendered the following decision :

LORE, C. J :—The Court have considered this matter as carefully as may be, and we have reached the conclusion that this election is void.

We therefore order a new election.

Rule made absolute.