# CHARLESTON.

KENNEWEG v. SCHILANSKY et al.

Submitted Sept. 15, 1898—Decided Dec. 7, 1898.

1. PARTNERSHIP—*Assignment—Partner's Interest.*
    A partner has no individual assignable interest in the social assets until the social debts are satisfied.  (p. 524).

2. PARTNERSHIP—*Insolvency—Assignment—Lien.*
    An assignee of a partner's individual interest in an insolvent firm cannot successfully attack an alleged partnership assignment, made to secure a just partnership debt, as the latter is a lien on the social assets superior to the claims of the individual partners or their creditors.  ((p. 524).

3. ASSIGNMENT—*Open Account—Equitable Assignment.*
    A verbal assignment of an open account in consideration of future credit and merchandise sold and delivered is a good equitable assignment, although not afterwards reduced to writing, as promised.  p. 526).

Appeal from Circuit Court, Tucker County.

Bill by C. F. Kenneweg against B. Schilansky and others. Decree for plaintiff, and the H. B. Claflin Company appeals.

*Affirmed.*

DAYTON & DAYTON and C. O. STRIEBY, for appellant.

CUNNINGHAM & STALLING and E. D. TALBOTT, for appellee.

DENT, JUDGE:

C. F. Kenneweg filed his bill of complaint in the circuit court of Tucker County on the 9th day of July, 1895,

against the Columbia Lumber Company and others, alleging that himself, B. Schilansky, G. Schatz, Camden Lipscomb and P. J. Sullivan were the only stockholders in said company, which had forfeited its charter, and ceased to do business; that it owed no debts except about nine thousand dollars to the firm composed of B. Schilansky and G. Schatz, which had been assigned to the plaintiff for the benefit and use of the defendant in Kenneweg Company, to be applied on the indebtedness of said Schilansky & Schatz to said Kenneweg Company; that the said Columbia Lumber Company is still the owner of a sawmill and fixtures, and a lot of sawed lumber, and that the same was being fraudulently disposed of and misappropriated by said Schilansky, and praying the appointment of a receiver, that said corporate affairs might be wound up, and said debt paid. A receiver was appointed to take charge of, preserve, and sell the property. On the 15th day of August, 1895, the H. B. Claflin Company filed its petition in said cause, seeking to prevent the sale of the property by the receiver, and alleging, among other things, "that on the 11th day of July, 1895, B. Schilansky sold, transferred, assigned, and set over unto your petitioner as collateral security all his capital stock, all claims, choses in action, accounts, and demands of every character and nature he had against the said Columbia Lumber Company, which petitioner is reliably informed and believes amounts to more than $7,000 in excess of the capital stock, which is for the sum of $2,400," and it denies any indebtedness to C. F. Kenneweg or the Kenneweg Company, or that said company is entitled to the debt of Schilansky & Schatz. Kenneweg answered this petition, reasserting the assignment set up in his bill, denying petitioner's rights, and demanding the relief prayed. On the 31st day of December, 1895, the cause was referred to Commissioner Jeff. Lipscomb to report the assets and liabilities of the Columbia Lumber Company. On the 24th day of November, 1896, the commissioner returned his report, in which he found the assets of the corporation in the hands of the receiver amounted to one thousand one hundred and seventy-seven dollars and twenty-two cents, which was not a sum sufficient to pay the claim of Schilansky & Schatz,

the only debt against the corporation; and which was now being held by the Kenneweg Company by assignment, and that said Kenneweg Company was entitled to the funds aforesaid.  He further reported "that he has used his best efforts to get proof of the claim of the H. B. Claflin & Co.'s debt, if they have any, but has wholly failed."  The H. B. Claflin Company filed numerous immaterial exceptions to this report, the principal one being as to the finding in favor of C. F. Kenneweg.  The commissioner's report was fully justified by the evidence before him, and the exceptions were therefore properly overruled.  After the report was filed, the H. B. Claflin Company took several depositions to prove the allegations of its petition, and finally took the deposition of B. Schilansky, to the reading of which the plaintiff objected, for the reason that it was taken too late.  Neither Schatz nor Schilansky, either as partners or individuals, answered the bill, but it was taken as confessed as to them.  At the March term, 1897, a final decree was entered, overruling the exceptions to the commissioner's report, sustaining the exception to the deposition of Schilansky, disbursing the fund to C. Kenneweg for the use of the Kenneweg Company, and dismissing the petition of the H. B. Claflin Company, and from this decree said company appeals assigning numerous errors, which are unnecessary to repeat here, as none of them appear to be prejudicial to the appellant's rights.

By its petition, appellant only claimed the assignment of Schilansky's interest, and this allegation is sustained by its proof.  But it neither alleged nor proved that it was the owner of the Schilansky & Schatz debt, the bone it was apparently contending about, and in which it acquired no interest by virtue of the assignment of Schilansky until the partnership debts were paid.  The assignment on which it relies is as follows: "For a valuable consideration from the H. B. Claflin Company, a corporation formed and doing business under the laws of the state of New Jersey, I hereby sell, set over, transfer, and assign unto the said H. B. Claflin Co., as collateral security for the payment of certain notes and open account which the firm of Schilansky & Schartz owe to said company, all my capital stock, in all claims, choses in action, accounts of every

character or nature against the Columbia Lumber Co., which was incorporated in the State of West Virginia, and operated in the village of Mackieville, Tucker County, W. Va., shipping from Hulings in said county, where some of its property now is, but which charter was forfeited in the year 1894 for the reason that the state license was not paid thereon. It is understood that this assigns every interest of every nature before and after the said charter was forfeited. Given under my hand and seal this 11th day of July, 1895. B. Schilansky. [Seal.]" This is nothing more than an assignment of Schilansky's individual interest, and does not purport to assign the claim of Schilansky & Schatz, although made to secure a debt of that firm. One partner has no assignable interest in the assets of the firm until the firm debts are paid, but one partner can assign firm assets to pay firm debts. This latter Schilansky, for some reason did not undertake to do, and his assignee only took his interest in the firm claim against the Columbia Lumber Company after payment of the firm debts; and the Kenneweg Company, being a firm creditor, and claiming under an alleged firm assignment, Schilansky's individual assignee would have no equity as against a firm creditor by virtue of his assignment, and no right to attack the alleged firm assigment. *Conway's Adm'rs* v. *Stealey*, 44 W. Va. 163, (28 S. E. 793.) If this were a suit to settle up the partnership of Schilansky & Schatz, the H. B. Claflin Company being a firm creditor, would have the right to attack the alleged assignment of the firm to the Kenneweg Company; but such an attempt or claim is not could do so after returning, he would prepare a document showing the transfer to us of their account against the Columbia Lumber Company, on the strength of which promise we gave them more goods." Mr. Schatz, on the witness stand, did not attempt to deny this arrangement, but simply claimed that no formal assignment had been made. The testimony of J. D. and C. J. Griffith as to admissions made by Schilansky tends to corroborate Mr. Kenneweg.

Schilansky, after the case has been closed, gives his testimony, denying any assignment to the Kenneweg Compnay, and claims an assignment was made to the H. B.

Claflin Company, which is the one before copied herein, being an assignment of his individual interest.   This was made after suit brought, and he was deprived of the possession of the property of the Columbia Lumber Company, and the whole transaction on his part shows an evident desire to prevent the Kenneweg Company from being paid its debt for having interfered with his management of the affairs of the Columbia Lumber Company.   Hence his evidence, under the circumstances, is not sufficient to open up the case anew, but the preponderance of the evidence fully establishes a parol equitable assignment, sustained as it is by the written paper bearing the partnership signature.   On page 1058, 2 Am. & Eng. Enc. Law (2d Ed.) the law is stated to be, "A valid parol transfer of an account may be made without a delivery of a copy or transcript thereof."   The claim of Schilansky & Schatz was an open account against the Columbia Lumber Company, which, for the purpose of gaining further credit, was pledged as security to the Kenneweg Company, they promising to make a written assignment thereof.   This they never did other than the Strieby note, although they secured the goods for which the account was pledged. This was the evidence of Kenneweg on which the commissioner's report was founded.   There is no evidence disputing the justice of the Kenneweg Company's debt against Schilansky & Schatz, although it is alleged in the petition that Kenneweg is largely indebted to the Columbia Lumber Company.   The proof does not sustain the allegation. The H. B. Claflin Company assignment being subsequent, made in its petition, and, if it were, as the proof now stands, it is most favorable to the Kenneweg Company, Mr. Schatz testifies: "We intended to assign this [meaning the claim in controversy] to Mr. Kenneweg, as I stated before to credit our account for merchandise shipped by Mr. Kenneweg to us;" and he acknowledged writing the following letter to Mr. Strieby:   "Thomas, W. Va. July 7, '95.   Mr. C. O. Strieby—Dear Sir:   We made a transfer to the Kenneweg Co., of our shares and stock in the Columbia Lumber Co., Hulings, and of our account against same Lumber Co., on June 1, '95, for the security of their account in Hulings against us.   Mr. Kenneweg desires to

confer with you in regard—our matter. If you can, please come over here to-morrow morning with Mr. Kenneweg. Respectfully, S. & Schatz." Mr. Kenneweg testifies as follows, to wit: "About May 1894, Schilansky & Schatz, of Hulings, owed us for goods furnished the Hulings store which bills were then due. (When I say 'us,' I mean the Kenneweg Company.) Schilansky & Schatz claimed that they could not pay us, as they were heavy creditors of the Columbia Lumber Company, and in lieu of the payment of the bill of Schilansky & Schatz, agreed to and made over to us collateral security for our claim all their interest in the Columbia Lumber Company, and their account against said company, and further agreed that this arrangment should continue as security for any goods we would subsequently ship them, and that their account as it increased against the Columbia Lumber Company, should be our collateral security. On the strength of this agreement we continued to ship them goods without their paying us anything on their Hulings account. About May or June, 1895, their account having increased very much, and we again refused them more goods. Mr. B. Schilansky then came to Cumberland, to learn the reason of our refusal to furnish goods, and I told him we must have some money. He said that they had no money, but that it was tied up in the Columbia Lumber Company, and, as we had their account against the Columbia Lumber Company for collateral security, and our account against them, we should feel perfectly safe. I replied that we had no written agreement, only a verbal one. He answered, as soon as he both in law and time to that of the Kenneweg Company, the court committed no prejudicial error in overruling the exceptions to the commissioner's report, and dismissing the petition. The decree is therefore affirmed.

*Affirmed.*