THE GARFORD MOTOR TRUCK COMPANY, a corporation of the State of Delaware, *v.* M. F. BUCKSON and G. F. BUCKSON, and DAVID J. REINHARDT, garnishee.

(*October* 19, 1927.)

HARRINGTON and RICHARDS, J. J., sitting.
*William Prickett* for plaintiff.
*David J. Reinhardt* for defendants.
Superior Court for New Castle County, March Term, 1927.

RICHARDS, J.:   A petition was presented to this court by David J. Reinhardt, Esquire. setting forth that a certain judgment ap-

peared on the records of this court in favor of the Garford Motor Truck Company and against M. F. Buckson and G. F. Buckson; that an attachment *fi. fa.* was issued on said judgment upon which the said David J. Reinhardt was summoned as garnishee and to which he made the following answer:

"I, David J. Reinhardt, this twenty-eighth day of April, 1926, do make answer to the attachment under the judgment of the *Garford Motor Company v. M. F. Buckson and G. F. Buckson*, as follows:

" 'At the time the above attachment was laid in my hands I had two hundred dollars ($200.00) which I, as attorney for George F. Buckson, had received and which sum I had prior to the laying of said attachment agreed with the said George F. Buckson and Dr. Cobb to pay to a certain Dr. Cobb, of Smyrna, Delaware, in settlement of his bill for services rendered by him as a physician to said George F. Buckson. I was not indebted to George F. Buckson in any amount at the time of the laying of said attachment.' "

Said petition then moves the court to render judgment on said return according to law.

It is not denied that Mr. Reinhardt had, prior to the time the attachment was laid in his hands, agreed with George F. Buckson and Dr. Cobb to pay to Dr. Cobb the sum of $200 which he had in hand as attorney for George F. Buckson. What was said by Mr. Buckson at the time he instructed his attorney, Mr. Reinhardt, to pay the said sum of $200 to Dr. Cobb, or what was said by Dr. Cobb in acceptance of the assignment of the amount in the hands of Mr. Reinhardt in settlement of the amount due him for his services as a physician for Mr. Buckson, is not disclosed. In fact, the question of the completeness of the assignment of Mr. Buckson's demand against Mr. Reinhardt to Dr. Cobb was not raised.

The court is, therefore, entitled to assume that everything necessary to be done in order to make the assignment full and complete in every respect was done. There being no instrument of writing as evidence of the assignment or transfer to Dr. Cobb of Mr. Buckson's right to demand said sum of $200 from Mr. Reinhardt, said assignment was by word of mouth or what is known in law as a parol assignment. The right which Mr. Buckson had to claim the amount held for him by Mr. Reinhardt, was what is legally called a chose in action; which, in its broadest sense, means the right which a person has to demand and recover by suit

a personal chattel or a sum of money from another. *Sheldon v. Sill,* 8 *How.* 441, 12 *L. Ed.* 1147; *Haskell v. Blair,* 3 *Cush.* (*Mass.*) 534; *People v. Tioga, C. P.,* 19 *Wend.* (*N. Y.*) 73; *Sellers v. Arie,* 99 *Iowa* 515, 68 *N. W.* 814; *Bushnell v. Kennedy,* 9 *Wall.* 390, 19 *L. Ed.* 736.

Having arrived at the conclusion that the answer filed by Mr. Reinhardt set up a parol assignment of a chose in action by Mr. Buckson to Dr. Cobb, we are next confronted with the question of whether a chose in action is assignable, and, if so, whether such assignment may be made by parol.

The early common law refused to recognize the assignment of the chose in action, unless the debtor assented thereto and promised to pay the assignee, upon the broad and general ground that one could not assign something which he did not have in his possession. It was also held that such a course would encourage litigation, violate the rule against champerty and maintenance and enable the rich and more powerful to work a hardship on others. *Tierman v. Jackson,* 5 *Pet.* 580, 8 *L. Ed.* 234; *Cowart v. Singletary,* 140 *Ga.* 435, 79 *S. E.* 196, 47 *L. R. A.* (*N. S.*) 621, *Ann. Cas.* 1915A, 1116; *Tradesman's Nat. Bnk. v. Green,* 57 *Md.* 602; *Moore v. Spiegel,* 143 *Mass.* 413, 9 *N. E.* 827; *Rice v. Stone,* 1 *Allen* (*Mass.*) 566; *Sullivan v. Visconti,* 68 *N. J. Law* 543, 53 *A.* 598.

This common law rule against the assignment of a chose in action was disregarded at an early date by the Courts of Equity which recognized the assignee's title as an equitable assignment. *McCarthy v. Crawford,* 238 *Ill.* 38, 86 *N. E.* 750, 29 *L. R. A.* (*N. S.*) 252, 128 *Am. St. Rep.* 95; *Welch v. Mandeville,* 1 *Wheat.* 233, 4 *L. Ed.* 79; *First Nat. Bnk. of Skowhegan v. Maxfield,* 83 *Me.* 576, 22 *A.* 479; *Sawyer v. Cook,* 188 *Mass.* 163, 74 *N. E.* 356; *Wheeler v. Wheeler,* 9 *Cow.* (*N. Y.*) 34.

The right to assign choses in action has been greatly modified both in England and this country by statute; those of many states providing that all assignments recognized in the Courts of Equity should be equally valid in the Law Courts.

*Chapter* 228, *vol.* 30, *Laws of Delaware,* provides:

"A person to whom a contract, express or implied, has been transferred or assigned, either in accordance with a statute or with the common law, may sue thereon in his own name."

Statutes of this character have had a tendency to bring about the adoption of what seems to be the rule today, recognizing the assignability of the choses in action, except for wrong done to the person, the reputation or the feelings and contracts of a purely personal nature. *Cross v. Page,* 116 *Minn.* 123, 133 *N. W.* 178; *Metropolitan Life Ins. Co. v. Fuller,* 61 *Conn.* 252, 23 *A.* 193, 29 *Am. St. Rep.* 196; *Farrell v. Passaic Water Co.,* 82 *N. J. Eq.* 97, 88 *A.* 627; *In re Stiger* (*D. C.*), 202 *F.* 791; *Hooker v. Eagle Bnk. of Rochester,* 30 *N. Y.* 83, 86 *Am. Dec.* 351.

It seems to be now generally recognized that the assignability of a chose in action depends upon whether it would survive and pass to the personal representative of the assignee, all those that would so survive and pass being held to be assignable. *Comegys v. Vasse,* 1 *Pet.* 193, 7 *L. Ed.* 108; *Seldon v. Ill. Trust Co.,* 239 *Ill.* 67, 87 *N. E.* 860, 130 *Am. St. Rep.* 180; *Holmes v. Loud,* 149 *Mich.* 410, 112 *N. W.* 1109; *Chouteau v. Boughton,* 100 *Mo.* 406, 13 *S. W.* 877; *Brackett v. Griswold's Adm'n,* 103 *N. Y.* 425, 9 *N. E.* 438; *Cardington v. Frederick,* 46 *Ohio St.* 442, 21 *N. E.* 766; *McConaughey v. Bennett,* 50 *W. Va.* 172, 40 *S. E.* 540.

The modern authorities not only hold that a chose in action may be assigned in a court of equity, but that an equitable assignment of a chose in action is recognized in a court of law and that such assignments may be made either in writing or by parol. *Hooker v. Eagle Bnk. of Rochester,* 30 *N. Y.* 83, 86 *Am. Dec.* 351; *Beard v. Sharp* (*Ky.*), 65 *S. W.* 810, 23 *Ky. Law Rep.* 1582; *Smith v. Amer. Plate Glass Co.,* 111 *Md.* 696, 77 *A.* 264; *Case v. Ranney,* 174 *Mich.* 673, 140 *N. W.* 943; *Kennewig v. Schilansky,* 45 *W. Va.* 521, 31 *S. E.* 949; *New Jersey Produce Co. v. Gluck,* 79 *N. J. Law* 115, 74 *A.* 443; *Hutchings v. Low,* 13 *N. J. Law* 246; *Roberts v. First Nat. Bnk.,* 8 *N. D.* 474, 79 *N. W.* 993.

The assignment now under consideration from Mr. Buckson to Dr. Cobb was not of a personal nature, but of a right to de-

mand from Mr. Reinhardt an existing and undisputed debt of $200; and it was such a right as would have survived to the personal representatives of Mr. Buckson. The effect of such an assignment, even though it was by parol, was to make Mr. Reinhardt liable to Dr. Cobb, who is now entitled to bring suit for the amount which was formerly due Mr. Buckson.

HARRINGTON, J.: The plaintiff claims that when the attachment process was served on Mr. Reinhardt he had funds in his hands belonging to George F. Buckson. He had the right to compel Mr. Reinhardt to plead, but accepted his answer, and the decision of this case, therefore, depends upon the terms and effect of such answer.

Mr. Reinhardt admits in his answer that, acting as attorney for George F. Buckson, he had collected $200, but states that prior to the service of the attachment on him he had "agreed with the said George F. Buckson and Dr. Cobb to pay" the said sum of $200 "to Dr. Cobb in settlement of his bill for services rendered by him to the said George F. Buckson," and that he was, therefore, not indebted to George F. Buckson in any amount when said attachment was served.

If prior to the service of the attachment, Mr. Buckson had actually parted with his rights in the fund in question and Dr. Cobb was the real owner of that fund and the person to whom Mr. Reinhardt was responsible, either legally or equitably, there can be no judgment for the plaintiff. *Netter v. Stoeckel,* 4 *Penn.* 345, 56 *A.* 604; *Brown, Garnishee, v. H. & F. Brewing Co.,* 1 *Penn.* 195, 40 *A.* 60.

The right of action of Mr. Buckson against Mr. Reinhardt for the collection of the fund in the hands of Mr. Reinhardt belonging to him was a chose in action. As a general rule, at common law the assignee of a chose in action did not acquire the legal title and could not sue thereon in his own name. 5 *C. J.* 986; *Pomeroy's Equity Jur.,* §§ 137, 1270; *Sydham v. Cannon,* 1 *Houst.* 431. While his rights were purely equitable, they have long since been recognized and administered to a great extent at least by the Law Courts in both England and America. *Continental Guar. Corp. v. People's Bus Line,* 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275;

*Williston on Contracts,* §§ 432, 446, 446, *A; 3 Storey's Equity Jurisprudence,* § 1420; 4 *Cyc.* 93, 95.

So far as the right of the assignee to sue in his own name is concerned, this rule has now been changed by statute. *Chapter 228, vol. 30, Laws of Delaware; Continental Guar. Corp. v. People's Bus Line,* 1 *W. W. Harr.* (31 *Del.*) 595. Whether this statute has any other effect than on the remedy of the assignee need not be considered here. See, however, 1 *Williston on Contracts,* §§ 430, 432; 2 *R. C. L.* 630, 638; *Burton v. Willin,* 6 *Houst.* 522, 540, 22 *Am. St. Rep.* 363; *Robinson v. Jefferson, Adm'r,* 1 *Del. Ch.* 244.

Notwithstanding the general common law rule above stated, if the debtor in the claim assigned had notice of the transfer and promised to pay the debt in question to the assignee, the legal title passed and suit could be brought in the name of the assignee, even in a court of law. 1 *Chitty's Pl.* 17; 5 *C. J.* 987; *De Barry v. Withers,* 44 *Pa.* 356; *Crocker v. Whitney,* 10 *Mass.* 319; *Barger v. Collins,* 7 *Har. & J.* (*Md.*) 213; *Mowry v. Todd,* 12 *Mass.* 288; *Boyd v. Webster,* 58 *N. H.* 336; *Clarke v. Thompson,* 2 *R. I.* 146; *Fogg et al. v. Middlesex Mut. Ins. Co.,* 10 *Cush.* (*Mass.*) 337; *Tierman v. Jackson,* 5 *Pet.* 597, 8 *L. Ed.* 234.

The suit by the assignee, under such circumstances, would be on the new promise of the debtor and the modern English cases hold that forbearance to sue or some other new consideration is essential to the validity of such promise. 1 *Chitty's Pl.* 17; *Israel v. Douglass,* 1 *H. Bl.* 240, 126 *Eng. Rep.* 139, *note; De Barry v. Withers,* 44 *Pa.* 356; 5 *C. J.* 988.

The early English and the majority of the American cases seem to hold, however, that the equitable interest of an assignee for a valuable consideration is sufficient to support the promise of the debtor and to sustain an action thereon. *De Barry v. Withers,* 44 *Pa.* 356; *Clarke v. Thompson,* 2 *R. I.* 146; *Currier v. Hodgdon,* 3 *N. H.* 82; *Skinner v. Somes, Jr.,* 14 *Mass.* 107; *Tierman v. Jackson,* 5 *Pet.* 580, 8 *L. Ed.* 234; 5 *C. J.* 988.

While the decisions are conflicting, it has, also, been held that a promise to pay may be implied if the debtor is notified of the

assignment and in some manner recognizes or assents to it. *Stewart v. Rogers*, 19 *Md*. 98; *Barger v. Collins*, 7 *Har. & J. (Md.)* 213; *Armsby v. Farnam*, 16 *Pick. (Mass.)* 318; *Peacock v. Harris*, 103 *Eng. Rep.* 715; *Sears v. Patrick*, 23 *Wend. (N. Y.)* 528; *Storey's Eq. Jur.*, § 1401; 5 *C. J.* 989.

Notwithstanding the general rule that privity of contract between the plaintiff and defendant is essential to sustain an action (*Merchants' Union Trust Co. v. New Phila. Graphite Co.*, 10 *Del. Ch*. 18, 83 *A*. 520; *Robinson & Co. v. Ortiz*, 6 *Boyce* 370, 100 *A*. 408; *Jones v. Buck*, 4 *Boyce* 546, 90 *A*. 86; *Mellen v. Whipple*, 1 *Gray [Mass.]* 317), while there is perhaps some confusion in the cases (*Storey's Eq. Jur.*, § 1401) it has even been held that a promise to pay a third person will be implied where money has been paid to one person under an express stipulation that it will be paid by him to such third person. This rule has been applied even though that person was not a party to the original transaction and there was no further promise or other act by which an obligation to him from the person to whom the money was paid would ordinarily arise. *Crocker v. Whitney*, 10 *Mass*. 316; *Weston v. Barker*, 12 *Johns. (N. Y.)* 276, 7 *Am. Dec*. 319; *Neilson v. Blight*, 1 *Johns. Cas. (N. Y.)* 205; *Tierman v. Jackson*, 5 *Pet*. 580, 597, 8 *L. Ed*. 234; *Putney v. Farnham*, 27 *Wis*. 187, 9 *Am. Rep*. 459; *Farmer v. Russell*, 1 *B. & P*. 296, 126 *Eng. Rep*. 913; *Israel v. Douglass*, 1 *H. Bl*. 240, 126 *Eng. Rep*. 139, *note; Fogg v. Middlesex Mut. Ins. Co*., 10 *Cush. (Mass.)* 337; *Mowry v. Todd*, 12 *Mass*. 288, *and note; Warren v. Wheeler*, 21 *Me*. 484. The soundness of this rule has been questioned by Storey in his work on *Equity Jurisprudence*, § 1401, but it seems to have been sanctioned in this state. *Farmers' Bank v. Brown, Garnishee*, 1 *Harr*. 330; *Clark, Use of Brewington, v. Walker*, 9 *Houst*. 287, 32 *A*. 346; *Conwell's Adm'r v. Morris*, 5 *Harr*. 299 (303, *etc*.). See, also, *Brown, Garnishee, v. H. & F. Brewing Co*., 1 *Penn*. 195, 40 *A*. 60.

██ It is, however, unnecessary to pass on that question as it not only appears from the answer that prior to the laying of the attachment, the garnishee had expressly agreed with Mr. Buckson and Dr. Cobb that the $200 in question should be paid to Dr.

Cobb, but it was, also, agreed by all of said parties that said sum should be paid in settlement of a certain claim of Dr. Cobb against Mr. Buckson. That there was a sufficient consideration for the promise of Mr. Reinhardt to pay Dr. Cobb, therefore, seems clear. *Wilson v. Campbell, et al.,* 100 *Eng. Rep.* 1176. See, also, *Buttrick Lumber Co. v. Collins,* 202 *Mass.* 413, 89 *N. E.* 138.

■ By agreement of the parties, the promise of Mr. Reinhardt to pay Dr. Cobb was substituted for the promise of Mr. Buckson to pay Dr. Cobb and it may be that this arrangement was, therefore, more properly speaking a novation and not an assignment. 1 *Williston on Contracts,* § 420; 20 *R. C. L.* (*title "Novation"*), §§ 1, 2, 3; *Cutting Packing Co. v. Packers' Exchange,* 86 *Cal.* 574, 25 *P.* 52, 10 *L. R. A.* 369, 21 *Am. St. Rep.* 63; *Bandman v. Finn,* 185 *N. Y.* 508, 78 *N. E.* 175, 12 *L. R. A.* (*N. S.*) 1135; *Hobson v. Davidson's Syndic* (*La.*), 8 *Mart.* (*O. S.*) 422, 13 *Am. Dec.* 296.

But in any aspect of the case, it is clear that before the service of the attachment on Mr. Reinhardt Dr. Cobb had acquired all of the rights of Mr. Buckson, both legal and equitable, in the fund sought to be attached.

I, therefore, agree with the conclusion reached by JUDGE RICHARDS that the plaintiff can recover nothing on its attachment.