WILMINGTON MORRIS PLAN BANK, a corporation of the State of Delaware, *v.* JESSE B. LONGACRE, MARTHA E. LONGACRE, JOSEPH RIFON, MARY I. RIFON and FRANCISCO GEGUNDE, sometimes known as FRANCICO GEGUNDE.

*(September* 10, 1935.)

REINHARDT, J., sitting.

*Thomas Herlihy, Jr.*, for plaintiff.

*John Pearce Cann* for defendants.

Superior Court for New Castle County. Attachment *fi. fa.*, No. 58, March Term, 1935.

REINHARDT, J., delivering the verdict and opinion of the Court:

There was little conflict in the evidence adduced at the trial of the cause and the Court makes the following finding of facts. Jesse Biggs Longacre died on the 25th day of January, 1935. At the time of his decease he was insured in The Mutual Life Insurance Company of Baltimore, the said insurance being evidenced by two policies—one, No. 6670366, in the amount of $250; the other, No. 6574211, in the amount of $230. In both policies Martha E. Longacre, one of the above named defendants and the widow of the insured, was named as beneficiary. On January 26th, 1935, the widow, Martha E. Longacre, employed Robert T. Jones as undertaker to conduct the funeral and burial of her husband. At this time she had no ready money but had in her possession the two insurance policies in question and she showed them to Jones. At that time she and Jones made an oral agreement that Jones was to conduct the funeral and was to have the insurance policies, and out of the proceeds thereof was to be paid for his advances and services. At the same time a paper was drawn up by Jones, and signed by Mrs. Longacre, as follows:

"R. T. Jones
"Funeral Director
"Newark, Delaware

"January 26, 1935

"I do hereby renounce my rights in Policies No.

6574211 and 6640306 on the life of Biggs Longacre to R. T. Jones for the burial of my Husband Biggs Longacre.

"Martha E. Longacre.

"Witness to signature

"John L. Halter."

Jones then told Mrs. Longacre to make the necessary proofs of loss and to pay the money to him. At that time neither Jones nor Mrs. Longacre notified the Insurance Company of the alleged written assignment. In pursuance of the terms of the written instrument and relying thereon, Jones conducted the funeral services and in addition advanced the sum of $125 for a burial lot and the sum of $35 for opening the grave.

Mrs. Longacre promptly submitted required proofs of death and the two policies to the Insurance Company.

Prior to Longacre's death a judgment was entered in the Superior Court for New Castle County in favor of Morris Plan Bank against Jesse Biggs Longacre, his wife Martha E. Longacre and others, which was unpaid at the time of the death of the insured.

On the 29th day of January, A. D. 1935, a writ of attachment *fi. fa.* issued on the judgment and The Mutual Life Insurance Company was summoned as garnishee under said writ. Thereafter the Insurance Company paid the proceeds of the two insurance policies into this Court, where the money now remains.

The Morris Plan Bank claims the alleged assignment is invalid and therefore claims the money by virtue of the attachment. Jones claims the assignment is a valid legal

assignment, but in the event that it is not a valid legal assignment, he claims it is at all events a valid equitable assignment and therefore he claims the money.

I am of the opinion that the written instrument is not a valid legal assignment and I so find.

Considering all the evidence, including the written instrument, I am of the opinion that the transaction between Jones and Mrs. Longacre was a good equitable assignment of the proceeds of the two insurance policies. *Garford Motor Truck Co. v. Buckson*, 4 *W. W. Harr.* (34 *Del.*) 103, 104, 143 *A.* 410.

On January 26th, 1935, it was clearly agreed between Jones and Mrs. Longacre that Jones was to conduct the funeral, advance the expenses incurred by reason of the purchase of the burial lot and in return therefor he was to have the proceeds of the policies. He performed his part of the agreement and that was a good consideration for the assignment of the policies. This consideration was in part at least, performed before the date of the attachment. The evidence shows that the equitable assignment bears date the 26th day of January, 1935, and the date of the attachment bears date the 29th day of January, 1935.

I find Robert T. Jones to be an equitable assignee of the proceeds of the two insurance policies and at a date prior to the attachment, and therefore the proceeds of the two policies belong to him and not to the attaching creditor, Morris Plan Bank.

As the money has been paid into Court, let an order to draw out the money be prepared and submitted.